**Robert LaMAR, on behalf of himself and all others similarly situated, Plaintiff,**

**v.**

**H & B NOVELTY & LOAN COMPANY, a corporation, dba H & B Loan Company, et al., Defendants.**

**Civ. No. 71–412.**

United States District Court,
D. Oregon.

Jan. 27, 1972.

Order Amending Interlocutory Order
Feb. 17, 1972.

L. A. Aschenbrenner, Don H. Marmaduke, Noreen K. Saltveit, Charles J. Merten, Marmaduke, Aschenbrenner, Merten & Saltveit, Portland, Or., James A. Cox, Lake Oswego, Or., for plaintiff.

Dwight L. Schwab, Hutchinson, Schwab & Burdick, Portland, Or., for defendants H & B Novelty & Loan Co., dba H & B Loan Co., Victor Hoffman, dba Midway Loans, and Milton M. Arnstein, dba Coast Loan Office.

E. B. Sahlstrom, Sahlstrom, Starr & Vinson, Eugene, Or., for defendants John F. Bergman and Betty J. Bergman, dba A-1 Loan & Jewelry, and Waldo B. Layng and Bernadine Layng, dba Monroe's Jewelry and Eugene Loan Office.

John G. Meyer, Eugene, Or., for defendant Ralph Hollister—Pawn Shop.

Robert D. Boivin, Boivin & Boivin, Klamath Falls, Or., Walter H. Sweek, Vergeer, Samuels, Roehr & Sweek, Portland, Or., for defendants Cecil Finney, dba Klamath Loan, and Scott Loan Co.

Walter H. Grebe, Morrison, Bailey, Dunn, Cohen & Miller, Portland, Or., Carl Burnham, Jr., Yturri, O'Kief, Rose & Burnham, Ontario, Or., for defendant The Outdoorsman, Inc.

Alex M. Byler, Corey, Byler & Rew, Pendleton, Or., for defendant Ernest W. Barnum, dba Barnum's Trading Post.

Alonzo P. Stiner, Veatch, Lovett & Steiner, Portland, Or., for defendant Aigner's Diamond Loan & Brokers Co.

Theodore D. Lachman, Portland, Or., for defendant Benco, Inc., dba Lloyd's Finance Co.

Irving M. Steinbock, Samuels, Samuels & Steinbock, Portland, Or., for defendant Esther L. Weinstein, dba Star Loan Office.

James G. Richmond, Geddes, Felker, Walton & Richmond, Roseburg, Or., for defendant Foot-Fleet Laboratories, Inc., dba Roseburg Loans.

Donald W. McEwen, Cake, Jaureguy, Hardy, Buttler & McEwen, Portland, Or., Richard Allen, Allen, Stortz & Barlow, Salem, Or., for defendants Jerome H. Weiss and Emma A. Weiss, dba Star Exchange Loan Office.

## MEMORANDUM OPINION AND ORDER

ALFRED T. GOODWIN, Circuit Judge (Sitting by Designation).

By motion, defendants have challenged the plaintiff's right to bring this class action against several Oregon pawnbrokers, only one of whom has done business with plaintiff.

Plaintiff alleges that each defendant violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., by failing to disclose to borrowers the total amount to be financed and the amount of the finance charge expressed in an annual percentage rate. Plaintiff seeks, on behalf of the class, to recover the statutory penalty of $100 per violation.

Plaintiff claims to represent all Oregon borrowers who borrowed from any of the defendants from June 11, 1970, to January 1, 1971. Plaintiff himself dealt with only one defendant, the H & B Novelty & Loan Co. I have previously ruled that plaintiff may represent, in a class action under Fed.R.Civ.P. 23, all persons who borrowed from H & B during the period from June 11, 1970, to January 1, 1971.

The remaining question is whether plaintiff may also represent all borrowers who dealt with Oregon pawnbrokers other than the broker from whom plaintiff, himself, borrowed.

For a class action to lie, plaintiff must first establish that: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of fact or law are common to the class; (3) the claims of the representative party are typical of the claims of the class; and (4) the representative will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

If these requirements are met, the plaintiff must also satisfy one of the requirements of Rule 23(b). Plaintiff relies primarily upon Rule 23(b) (3), arguing that the "questions of law or fact common to the members of the class predominate over any questions affecting only individual members * * *." Plaintiff also asserts that the class action is superior to any other method of adjudicating the controversy.

A common issue of law is whether the Truth in Lending Act applies to pawnbrokers. Indeed, this is the only important question. If this question is answered in the affirmative, each member of the class will be entitled to some form of financial relief.

Rule 23 requires only that issues of law *or* fact be common to the class. Further, "[t]he fact that questions peculiar to each individual member of the class may remain after the common questions have been resolved does not dictate the conclusion that a class action is not permissible." Dolgow v. Anderson, 43 F.R.D. 472, 490 (E.D.N.Y.1968), quoted with approval in Katz v. Carte Blanche Corp., 52 F.R.D. 510, 514 (W.D. Pa.1971).

Defendants contend that the group plaintiff seeks to represent cannot meet the requirements of Rule 23(a) or (b) because this group is not a "class." Instead, argue defendants, the group involves several classes, each class comprising those persons who borrowed from each defendant. Since the representative plaintiff may represent only his class, 3B Moore, Federal Practice ¶ 23.04, at 23–254, defendants argue that plaintiff may not represent those persons who borrowed from pawnbrokers other than the H & B Novelty & Loan Company.

Plaintiff purports to represent 33,000 borrowers, each with an alleged right of action against one or more of the defendants. Each defendant allegedly injured all borrowers in the same way: *i. e.*, by failing to follow the requirements of the Truth in Lending Act. Plaintiff thus seeks to represent persons who have suffered similar injuries, and who may therefore be said to have similar "rights" against the defendants. *See* 3B Moore, Federal Practice ¶ 23.04 at 23–251; Broughton v. Brewer, 298 F. Supp. 260 (S.D. and N.D.Ala.1969).

The fact that plaintiff was not, himself, injured by each and every defendant does not detract from the representative nature of his claim. All members of the purported class are similarly situated, within the meaning of Rule 23. *See, e. g.*, Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969), where the court allowed a security purchaser, who had relied on one of defendants' prospectuses, to represent a class which included security purchasers who had relied on earlier prospectuses, prospectuses upon which the representative plaintiff could not have relied. See also Fischer v. Kletz, 41 F.R.D. 377 (S.D.N.Y.1966).

One important function of the class action is to afford meaningful legal rights to persons who may be ignorant of such rights, Dolgow v. Anderson, *supra*, or to those whose individual claims are too small to support custom-tailored litigation. 3B Moore, Federal Practice ¶ 23.45 [3]. If the Rule is to be effective, the courts should not restrict class membership by narrow and grudging

rules. Unduly restrictive limitations upon the class may have the effect of denying legal remedies to the ignorant and the poor while creating windfall immunities for law violators.

■ I conclude that this is a proper class action. The class consists of all persons who borrowed from the named defendants from June 11, 1970, to January 1, 1971. Joinder of all members of the class is impracticable, if not impossible. Fed.R.Civ.P. 23(a) (1). And plaintiff, a member of the class, will fairly and adequately protect the class's interests. Fed.R.Civ.P. 23(a) (4).

■ Some courts have found the presence of common questions of law or fact from an alleged conspiracy or concerted activities of multiple defendants. See, e. g., Morris v. Burchard, 51 F.R.D. 530, 532 (S.D.N.Y.1971); Siegel v. Chicken Delight, Inc., 271 F.Supp. 722 (N.D.Cal. 1967). However, nothing in the cases or the rule suggests that common questions of law or fact may not exist in a class action against multiple defendants where such defendants have acted independently to violate the same law. Contract Buyers League v. F. & F Investment, 48 F.R.D. 7 (N.D.Ill.1969).

■ Whether or not there are common predominating questions of fact or law may not be determined by any mechanical tests. 3B Moore, Federal Practice ¶ 23.45 [2]. Rather, the court must consider whether the use of a class action would "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated * * *." Advisory Committee's Note to Rule 23(b) (3), Proposed Rules of Civil Procedure, 39 F.R.D. 69, 102–103 (1966).

In the instant case, though the defendants are not alleged to have acted in concert, they are alleged to have violated the same statute in the same way with respect to members of the class. The statutory relief requested for each member of the class is also common to all.

There is, therefore, a question of law which is common to the class, Rule 23(a) (2), and which predominates over any questions affecting only individual members. Rule 23(b) (3). Further, a class action is the superior means of adjudicating this controversy, given the size of the class. Further, if there is no class action, many borrowers represented in the class would find their remedy barred by the statute of limitations. See Green v. Wolf Corp., 406 F.2d at 301, n. 14.

The form and timing of notice under Rule 23(c) will remain open until plaintiff's counsel has presented a proposed form. See Katz v. Carte Blanche Corp., 52 F.R.D. at 513.

It is ordered that defendants' motions are denied.

### ORDER AMENDING INTERLOCUTORY ORDER

This case came on for hearing on the 14th day of February, 1972, before the Honorable Alfred T. Goodwin, Judge of the above entitled court, upon the defendants' motions to amend this court's interlocutory order entered January 27, 1972; and the court having heard argument of counsel and good and sufficient reason appearing therefor,

It is hereby ordered that the order allowing a class action against all defendants herein, entered January 27, 1972, is amended to include the following statements:

(1) With respect to defendants, John F. Bergman and Betty J. Bergman, dba A–1 Loan & Jewelry; Ralph Hollister— Pawn Shop; Waldo B. Layng and Bernadine Layng, dba Monroe's Jewelry and Eugene Loan Office; Cecil Finney, dba Klamath Loan; Scott Loan Company, a corporation; The Outdoorsman, Inc., a corporation; Ernest W. Barnum, dba Barnum's Trading Post; Aigner's Diamond Loan & Brokers Co., a corporation; Milton M. Arnstein, dba Coast Loan Office; Benco, Inc., a corporation, dba Lloyd's Finance Co.; Esther L.

Weinstein, dba Star Loan Office; Foot-Fleet Laboratories, Inc., a corporation, dba Roseburg Loans; Jerome H. Weiss and Emma A. Weiss, dba Star Exchange Loan Office, and Victor Hoffman, dba Midway Loans, the order involves a controlling question of law as to which there are substantial grounds for difference of opinion, and

(2) With respect to these defendants, an immediate appeal from the order may materially advance the ultimate termination of this litigation.