Mrs. Ellen JOHNSON, Harry Johnson, James Oliney, and Mrs. Bessie Palmer, individually and in behalf of their families, their minor children and in behalf of all those similarly situated

v.

CITY OF BATON ROUGE, LOUISIANA, et al.

Civ. A. No. 69–165.

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

June 26, 1970.

Doris Falkenheiner, Gwendolyn B. Crockett, Baton Rouge, La., for plaintiffs.

Joseph F. Keogh, Parish Atty., Edward V. Fetzer, Asst. Parish Atty., Robert L. Kleinpeter, Baton Rouge, La., for defendants.

WEST, Chief Judge:

This is a class action brought by four named plaintiffs, all of whom are Negro residents of East Baton Rouge Parish (County), Louisiana, and who purport to represent, in addition to themselves, a far-reaching class of people which plaintiffs have defined as all other Negro residents of the same Parish. Plaintiffs allege that all members of the Negro race living in East Baton Rouge Parish are similarly situated and similarly affected by certain illegal policies, practices, and customs engaged in by defendants which result in discrimination by law enforcement officers against the members of the Negro race residing in this Parish. The four named plaintiffs, individually, and as self-appointed representatives of all other Negro residents of East Baton Rouge Parish, are seeking injunctive relief from the recurrence of certain enumerated incidents which they characterize as exemplary of discriminatory police treatment allegedly accorded them, as Negro residents of the Parish.

Made defendants are (1) the City of Baton Rouge, Louisiana; (2) the Parish of East Baton Rouge, Louisiana; (3) W. W. Dumas, individually and in his capacity of Mayor-President of the City-Parish Government of Baton Rouge and East Baton Rouge Parish; (4) all ten Baton Rouge City Councilmen, individually and in their capacity of City councilmen; (5) Eddie O. Bauer, individually and in his capacity of Chief-of-Police of the City of Baton Rouge; and (6) Bryan Clemmons, individually and in his capaci-

ty of Sheriff of East Baton Rouge Parish.

The specific circumstances giving rise to plaintiffs' action, the recurrence of which they seek here to have enjoined, are said to include: (1) the fatal shooting in recent months of four Negro youths and one Negro adult male by Baton Rouge city police officers in response to what the officers describe as either attacks on their persons or unlawful flight from the scene of a suspected crime by the victims; (2) the arrest and alleged beating by Baton Rouge city detectives and East Baton Rouge Parish Sheriff's deputies of a Negro youth following his participation in a "Welfare Rights Organization" protest march on the State Capitol on or about August 14, 1969; (3) police raids, "Gestapo fashion," of predominantly Negro residential areas in search of suspected Negro criminal offenders which lead to intimidation, beatings, and other acts of violence being perpetrated against Negro citizens; (4) harassment of "Negro communities" by white police officers who are alleged to "solicit and freely expose their genital parts to young Negro females"; (5) alleged cruel and inhumane treatment of suspected Negro criminal offenders in local jails and lockups evidenced by overcrowding, starvation, and physical and mental torture; (6) summary punishment, consistent false arrest, and general maltreatment of Negro citizens during any and all confrontation(s) with local law enforcement officials.

These particulars, some of which might be charitably described as grossly imaginative, coupled with other more general allegations of a uniformly conclusory nature, are said: (1) to have the design and effect of depriving plaintiffs under color of state law, statute, ordinance, regulation, custom, and usage, of privileges and immunities secured to them by the Fourteenth Amendment; (2) to be violative of the due process and equal protection clauses of the Fourteenth Amendment; and (3) to be violative of

First Amendment quarantees of freedom of speech and [peaceable] assembly made applicable to the States by way of the Fourteenth Amendment.

Federal subject matter jurisdiction rests on 28 U.S.C. § 1343 and 42 U.S.C. § 1983, both civil rights statutes, and providing in pertinent part:

§ *1343. Civil rights and elective franchise*

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

\* \* \* \* \* \*

§ *1983. Civil action for deprivation of rights*

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to, the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In an earlier in limine proceeding had in this case, this Court granted certain pre-trial motions brought by the defendants pursuant to Rule 12(b) (1) and 12(b) (6), Federal Rules of Civil Procedure, to dismiss plaintiffs' claims for lack of jurisdiction and failure to state a claim upon which relief could be granted insofar as the municipal defendants, the City of Baton Rouge, the Baton Rouge City Council, and the Parish of

East Baton Rouge were c o n c e r n e d. Plaintiffs have plainly erred in concluding that municipal corporations and parishes (counties), together with their local governing bodies, are susceptible to suit under the authority of the civil rights statutes relied on for federal subject matter jurisdiction in this case. To the contrary, municipal corporations and other like municipal entities have time and again been excluded from the definition of a "person" subject to suit for alleged civil rights violations as that term is used in 42 U.S.C. § 1983. See, e. g., Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Mayhue v. City of Plantation, 375 F.2d 447 (5th Cir. 1967); Charlton v. City of Hialeah, 188 F.2d 421 (5th Cir. 1951); Hewitt v. City of Jacksonville, 188 F.2d 423 (5th Cir. 1951), cert. denied, 342 U.S. 835, 72 S.Ct. 58, 96 L.Ed. 631 (1951); Broome v. Simon, 255 F.Supp. 434 (W.D.La.1965). Thus, all municipal parties originally made defendant have now been dismissed from the suit. Pretrial motions seeking dismissal as to each of the individual defendants were denied; it is against those individuals who justify racial discrimination behind the badge of legislative fiat that 42 U.S.C. § 1983 is directed. Monroe v. Pape, supra.

In that same in limine proceeding, another defense motion seeking dismissal of the suit in its entirety for procedural misuse of the class action was also denied. This latter ruling, although arising out of defendants' motion to dismiss, necessarily meant that the suit could, at least for the time being, be brought as a class action and was thus in accord with the mandate of Rule 23 (c) (1), which directs that as soon as practicable after the commencement of [any] action brought as a class action, "the court *shall* determine by order whether it is to be so maintained." (Emphasis added.) Although Rule 23 (c) (1) is not specific, there seems to be no reason why this Court's affirmative determination that this suit can, at least for the present, be maintained as a class action could not have been made on motion of either the proponent or opponent of the class action procedure, as well as on the Court's own motion. See, City of New York v. International Pipe & Ceramics Corp., 44 F.R.D. 584 (S.D.N.Y. 1968); 3B Moore, Federal Practice, ¶ 23.50, pp. 23–1101–1105 (1969).

Having determined that this matter may proceed as a class action, the case is before us now on plaintiffs' in limine motion brought pursuant to Rule 23(c) (2) for a court order allowing notice of the pending suit to be given to all prospective members of the plaintiff class by publication of a series of "advisory" advertisements generally extolling the nature and purpose of the suit in the two Baton Rouge daily newspapers and a smaller locally published weekly newspaper. The proposed notice, which has been submitted for our approval, and which, together with plaintiffs' motion for publication thereof is appended hereto, is headed: "ATTENTION: ALL NEGRO (BLACK) RESIDENTS OF EAST BATON ROUGE P A R I S H, PLEASE TAKE NOTICE OF CIVIL RIGHTS SUIT IN THE FEDERAL DISTRICT COURT." The notice goes on to summarize the allegations made by the four named plaintiffs and then advises other prospective members of the plaintiff class that they may be bound by any judgment in this case unless they undertake affirmative action to exclude themselves from membership in the class as it has been defined by the four named plaintiffs. This Court is requested to order publication of this notice in the classified sections of the three area newspapers mentioned above on each of four successive Thursdays, with publication to begin within ten days of a favorable court order. To be certain that all Negro residents of the Parish, as prospective members of the plaintiff class, are alerted to these "Thursday notices" the four named plaintiffs also seek daily publication, for thirty consecutive days, of a

second notice in the news and sports sections of the two Baton Rouge daily newspapers. This notice would read:

ATTENTION:

ALL NEGRO (BLACK) RESIDENTS OF EAST BATON ROUGE PARISH SEE CIVIL RIGHTS NOTICES IN THE CLASSIFIED SECTION

THURSDAY, (MONTH, DATE), 1970
THURSDAY, (MONTH, DATE), 1970
THURSDAY, (MONTH, DATE), 1970
THURSDAY, (MONTH, DATE), 1970

Yet a third notice is requested, also to be published on four successive Thursdays, but slated to appear on those days in the news and sports sections of all three area newspapers. This notice would read:

ATTENTION

ALL NEGRO (BLACK)
RESIDENTS OF
EAST BATON ROUGE PARISH

PLEASE TAKE NOTICE
OF CIVIL RIGHTS SUIT
IN FEDERAL COURT

SEE LARGE ADVT. IN
TODAY'S CLASSIFIED SECTION

We have for decision the narrow question of whether or not such notices to those members of the plaintiff class who are not now named parties in the suit is made mandatory in this case under Rule 23(c) (2), or at most, is simply left to the sound discretion of the trial court under Rule 23(d) (2). We have already ruled, although not without reservation, that this suit can, for the present, be brought as a class action under Rule 23. But since we also find that if the suit is to be prosecuted as a class action it can be maintained as such only under the provisions of Rule 23(b) (2), we conclude that notice, by publication or otherwise, to all prospective members of the plaintiff class, a group which, in this case, may well total more than ninety thousand persons, is neither mandated by Rule 23(c) (2) nor, for reasons outlined hereafter, called for in the exercise of the sound judicial discretion permitted under Rule 23(d) (2).

The pertinent parts of Rule 23 provide as follows:

*"(a) Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*(b) Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members' of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

■ We have concluded, as a threshold decision, that the provisions of Rule 23(a) have been met. We must next decide whether the case is to be maintained under Rule 23(b) (1), (2), or (3). It is necessary to make this determination because the notice requirements differ as between an action maintained under 23(b) (1) and (2) on the one hand and under 23(b) (3) on the other hand. Plaintiffs are contending that *all* of the members of the Negro race in East Baton Rouge Parish are being discriminated against by the law enforcement officials. Thus, it is plaintiffs' contention that the party opposing the class (law enforcement officials) have acted or refused to act on grounds generally applicable to the class. If this contention is proved, final injunctive relief or corresponding declaratory relief will be appropriate with respect to the class as a whole. Assuming, as we have done, that the conditions of Rule 23(a) have, in fact been met, this clearly places this action under the provisions of Rule 23(b) (2). Any injunctive or declaratory relief granted must, by the very nature of the relief sought, of necessity be applicable to all

members of the Negro race residing in this Parish. To allow any member of the class to declare that he would not be covered by injunctive or declaratory relief granted in this suit would, of course, simply make no sense. The difficulties that would be encountered in allowing a multiplicity of suits, individually brought, asking for the same or similar relief, and the difficulties likely to be encountered in the management of a class action wherein up to ninety thousand persons might have the opportunity to appear in the suit, with their own individual attorneys, and wherein many members of the class might elect to be excluded from the relief which, of necessity simply must be applicable to all members of the class if indeed it is given in favor of any of them, make it immediately apparent that this action should not be maintained as a class action under Rule 23(b) (3), but must, instead, be classed as a 23(b) (2) action.

■ Furthermore, whenever an action can be maintained under (b) (1) and/or (b) (2), and also under (b) (3), the class action should be maintained under one of the former provisions rather than under (b) (3), so that the judgment will have res judicata effect as to the entire class. 3B Moore, Federal Practice, ¶23.-31, pp. 23–525–527 (1969); [citing] Van Gemert v. Boeing Co., 259 F.Supp. 125 (S.D.N.Y.1966). The judgment rendered in a (b) (1) or (b) (2) class action is binding on all members of the class subject only to the important qualification that the court describe those whom it finds to be class members. In a (b) (3) class action, however, the judgment includes only those persons to whom the notice provided for in Rule 23(c) (2) has been directed and who are found to be members of the class because they have not requested exclusion therefrom after receiving notice. 3B Moore, Federal Pratice, ¶23.60, pp. 23–1201–1204 (1969).

Also, the 1966 Advisory Committee's Notes to revised Rule 23(b) (2) clearly indicate that the Committee envisioned

the (b) (2) class action as the preferred procedural device for disposing of "civil rights" cases, and both major federal practice treatises are in accord. 3B Moore, Federal Practice, ¶23.40, p. 23–653 (1969); 2 Barron & Holtzoff, Federal Practice and Procedure, § 562, p. 85 (Supp.1969). Cf. Wright, Class Actions, 47 F.R.D. 169, 178 (1969). If the four named plaintiffs are really interested in assuring the constitutional rights of *all* Negro residents of East Baton Rouge Parish, it is indeed strange that they urge before this Court that this suit is a (b) (3) rather than a (b) (2) class action, for obviously, the rights of all Negroes will be better protected by an all-encompassing injunction if, indeed, injunctive relief is found to be warranted.

We are not unaware that the Court of Appeals for the Second Circuit has held that notice to absent members of a class is required as a matter of due process in all representative actions, regardless of whether they are brought under 23(b) (1), (2), or (3). Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968). We also note that at least one district court has held to the contrary. Northern Natural Gas Co. v. Grounds, 292 F.Supp. 619 (D.Kan.1968). This Court, after carefully studying Professor Moore's persuasive commentary, thinks that the *Eisen* position is unsound. Simply put, the rule couldn't be plainer, it mandates 23(c) (2) notice in 23(b) (3) class actions, not in 23(b) (1) or 23(b) (2) class actions. 3B Moore, Federal Practice, ¶23.55, p. 23–1152 (1969).

■■ Even though notice under Rule 23(c) (2) is not required in a 23(b) (2) class action, the Court still retains discretionary power under Rule 23(d) (2) to order publication of notice to absent class members. In the exercise of that discretion, we decline, in this case, to order such publication of notice.

The tenor of the allegations made by the four named plaintiffs, together with the all-embracive public notice which they seek to circulate abroad in the surrounding community, strongly suggest that what is being attempted here is simply to set the Negro residents of the Parish against local law enforcement agencies and officials solely because the former are black and the latter are primarily white. This Court, of course, is not so naive as to be completely unaware that, unfortunately, individual law enforcement officers may, on occasion, discriminate against or otherwise mistreat individual Negroes, and we stand always ready to remedy such injustice whenever it is in our power to do so. Accordingly, the four named plaintiffs will have their day in court as representatives of all other Nergo residents of East Baton Rouge Parish. If they succeed in proving that the defendants have purposefully adopted a policy, formally or informally, of discriminating against Negro residents of this Parish, by affording them inferior police protection or treatment different from that afforded white residents, then quite obviously it will be concluded that the class action on behalf of all Negroes in the Parish was, indeed, the proper means for redressing a deprivation of their constitutional right to be free from such discrimination. Sharp v. Lucky, 252 F.2d 910 (5th Cir. 1958). But, after a trial on the merits, if it appears that the defendants are pursuing their law enforcement function in this Parish in an objective, nondiscriminatory fashion, affording all residents, white and black, equal protection and equal treatment, then it may be concluded that a class action on behalf of *all* Negroes was not the proper vehicle to redress real or imagined grievances of a particular Negro or group of Negroes. Reddix v. Lucky, 252 F.2d 930 (5th Cir. 1958); 2 Barron & Holtzoff, Federal Practice and Procedure, § 562.1, pp. 270–271 (1961). Such a result would follow logically from the absence of a common question of law or fact as required by Rule 23(a) (2). This Court may, of

course, alter or amend its earlier determination that this suit may be maintained as a class action at any time before a final decision on the merits. Rule 23(c) (1).

To order the publication of the notices requested by plaintiffs in this case would only pose an unnecessary risk of further disturbing interracial relations in the community while adding nothing to the lawsuit.

It being concluded that the rights and interests of all Negro members of the East Baton Rouge Parish community will be adequately protected and represented by the nominal plaintiffs of record, the motion of plaintiffs for Publication of Notice will be denied.

## APPENDIX

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA
### BATON ROUGE DIVISION

MRS. ELLEN JOHNSON, ET AL.

VERSUS                                                    NO. 69–165

CITY OF BATON ROUGE, ET AL.

#### Motion For Publication of Notice
#### Under F. R. C. P. 23

Plaintiffs move:

**1.**

To publish in the classified section of the Baton Rouge *Morning Advocate* newspaper on 4 consecutive Thursdays, the notice set forth as Exhibit "A."

**2.**

To publish in the classified section of the Baton Rouge *Morning Advocate* newspaper on every day, except the 4 consecutive Thursdays described in Paragraph 1, for 30 consecutive days the notice set forth as Exhibit "B."

**3.**

To publish in the state and local news section and the sports section of the Baton Rouge *Morning Advocate* newspaper on 4 consecutive Thursdays, the notice set forth as Exhibit "C."

**4.**

To publish in the classified section of the Baton Rouge *States Times* newspaper on 4 consecutive Thursdays the notice set forth as Exhibit "A."

**5.**

To publish in the classified section of the Baton Rouge *States Times* newspaper on every day, except the 4 consecutive Thursdays described above, for 30 consecutive days the notice set forth as Exhibit "B."

**6.**

To publish in the state and local news section and the sports section of the Baton Rouge *States Times* newspaper on 4 consecutive Thursdays, the notice set forth as Exhibit "C."

7.

To publish in the classified section of the Baton Rouge *News Leader* newspaper on 4 consecutive weeks (this newspaper being published weekly) the notice set forth as Exhibit "A."

8.

To publish in the state and local news section and the sports section of the Baton Rouge *News Leader* newspaper on 4 consecutive weeks the notice set forth as Exhibit "C."

9.

All of the above publications shall begin to be published within 10 days of the order allowing said publication.

10.

Within such time as this court may set, plaintiffs will file with this court affidavits establishing that the order of this court order such publication has been followed.

Legal Aid Society of Baton Rouge

By: *Gwendolyn B. Crockett*

Gwendolyn B. Crockett
301 Reymond Building
Baton Rouge, Louisiana 70801
342–1321

## CERTIFICATE OF SERVICE

I have served copies of the foregoing motion and exhibits on defendants by placing same in the U. S. Mail postage prepaid and addressed to their counsels of record.

Baton Rouge, Louisiana, this 2nd day of February, 1970.

*Gwendolyn B. Crockett*

Gwendolyn B. Crockett

## EXHIBIT A

ATTENTION: ALL NEGRO (BLACK) RESIDENTS OF EAST BATON ROUGE PARISH

PLEASE TAKE NOTICE OF CIVIL RIGHTS SUIT IN THE FEDERAL DISTRICT COURT

Mrs. Ellen Johnson, et. al versus the City of Baton Rouge, the Mayor, the City-Parish Councilmen, the Chief of the Baton Rouge City Police Department, the East Baton Rouge Sheriff. No. 69,165 on the docket of the United States District Court for the Eastern District of Louisiana, Baton Rouge Division.

Counsel for Plaintiffs: Mrs. Gwendolyn B. Crockett, c/o The Legal Aid Society of Baton Rouge, 301 Reymond Building, Baton Rouge, Louisiana 70801. Telephone: (504) 342-1321.

(1) The individual plaintiffs have brought a suit in the federal district court against the named defendants.

(2) The named plaintiffs allege that this suit is brought not only on behalf of themselves, but on behalf of all Negro (black) residents of East Baton Rouge Parish, Louisiana.

(3) In their Complaint and Amended Complaint, plaintiffs allege:

"On information and belief, the defendants, and each of them, individually and by their agents, subordiantes, servants and employees, are engaged in a pattern, practice or policy of concealing the facts about unlawful police actions such as the ones described in the above paragraphs of this complaint, with the purpose of protecting individual policemen from discipline, criticism or legal action for these and other acts, and of infringing the rights of citizens to seek such discipline, criticism or legal action."

"The acts alleged by the plaintiffs in paragraphs 1 through 7 of this section and others previously mentioned in the original complaint were undertaken and performed by officers of the Baton Rouge City Police and Sheriff deputies of East Baton Rouge Parish, acting pursuant to said pattern, practice or policy of the defendants."

(4) Plaintiffs further allege:

"Upon information and belief, the methods of summary punishment and concealment of the facts used by the defendants individually and by their agents, subordinates, servants, and employees have been developed over a period of time, their use continues up to the present, and will continue in the future. Pursuant to said pattern, practice or policy, the plaintiffs and others similarly situated are liable to further summary punishment whenever they attempt to peacefully assemble to redress grievances or suspected of having perpetrated a crime."

(5) If you do not request exclusion you may be bound by the judgment in this action. Consult your own attorney about the effect this suit may have on you and any claim you may have.

(6) IF YOU DO NOT REQUEST EXCLUSION, YOU WILL BE INCLUDED IN THE CLASS OF PLAINTIFFS REPRESENTED BY THE AFORESAID ATTORNEY. IF YOU WISH, HOWEVER, YOU MAY RETAIN YOUR OWN ATTORNEY TO REPRESENT *YOUR* INTERESTS.

(7) Copies of the complaint and Amended Complaint in this suit are available for your inspection at any Legal Aid Society office in the City of Baton Rouge (301 Reymond Building or 8480 Scotland Avenue), and all 9 of the Neighbor Hood Service Centers operated by Community Advancement, Inc.

(8) By requiring this Notice, the United States District Court expresses no opinion favoring or disfavoring this suit, but does urge careful consideration of this suit by the readers.

(9) If you do *not* wish to be considered a member of the class represented by the plaintiffs, you must return the coupon below before the ___ day of _____, 1970:

CLERK, UNITED STATES DISTRICT COURT
POST OFFICE AND FEDERAL COURT BUILDING
FLORIDA STREET
BATON ROUGE, LOUISIANA

I, the undersigned Negro (black) resident of East Baton Parish hereby request that I be excluded from the suit numbered 69,165, an action on behalf of all Negro residents of East Baton Rouge Parish against the City of Baton Rouge, the Mayor, the City-Parish Councilmen, the Chief of the Baton Rouge Police Department and the Sheriff of East Baton Rouge Parish.

(If you are under 21 years of age, please have your parents or legal guardian sign on your behalf.)

## EXHIBIT B

ATTENTION: ALL NEGRO
(Black) Residents of East Baton Rouge Parish
see civil rights notices
in the Classfied Section

Thursday, February ____, 1970
Thursday, February ____, 1970
Thursday, _____ ____, 1970
Thursday, March ____, 1970

## EXHIBIT C

ATTENTION

ALL NEGRO (BLACK)
RESIDENTS OF
EAST BATON ROUGE PARISH

Please take notice
of civil rights suit
in federal court

SEE LARGE ADVT. IN
TODAY'S CLASSIFIED SECTION