478

Frances E. BAHAM et al.
v.
**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY** and South Central Bell Telephone Company.
Civ. A. No. 15252.

United States District Court,
W. D. Louisiana,
Alexandria Division.

April 19, 1972.

C. Paul Barker and Jerry L. Gardner, Jr., New Orleans, La., Bernard Kramer, Alexandria, La., Thomas S. Adair, Atlanta, Ga., for plaintiffs.

Michael J. Molony, Jr., New Orleans, La., for defendants.

NAUMAN S. SCOTT, District Judge:

RULING

This action has been brought on behalf of the individual plaintiffs and the class which they purport to represent against South Central Bell Telephone Company under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The plaintiffs seek a declaration that the wage scales in effect at the time of the filing of the suit discriminate against female employees of the defendant because of their sex, an injunction

restraining the defendants from maintaining the wage scales and other provisions of the collective bargaining contract which are allegedly discriminatory, and damages, back pay and attorneys fees for all members of the class. The issues presently before the Court arise from a motion brought on behalf of the defendant which seeks to dismiss the plaintiffs' action insofar as it seeks prospective equitable and declaratory relief and also for a determination that a class action such as that proposed by the plaintiffs may not be maintained for the remaining relief, i. e., damages, back pay and attorneys fees. The Court finds merit in both contentions.

## DECLARATORY RELIEF

The plaintiff concedes that the provisions of a recently negotiated collective bargaining agreement render the question of prospective equitable and declaratory relief moot and thus voices no objection to the motion to dismiss.

## NOTICE

■ The Court finds that notice of the dismissal of this phase of the action is not required by Rule 23 of the Federal Rules of Civil Procedure. In 3B Moore, Federal Practice, § 23.80(3), at 1507 (2d Ed. 1969), it is stated:

"Subdivision (e) provides that notice of a proposed dismissal or compromise shall be given to all members in all types of class actions, in such manner as the court directs. This notice requirement applies only to voluntary dismissals by the plaintiff, and such notice is not a condition precedent to dismissal by the court for lack of jurisdiction or after a hearing on the merits." (Footnotes omitted).

The instant dismissal is clearly one on the merits and notice under Rule 23(e) is not required. See Daugherty v. Ball, 43 F.R.D. 329 (C.D.Cal.1967).

■ The notice required by Rule 23(c) (2) also has no application to the instant situation. The purpose of this notice is to allow the members of the class an opportunity to exclude themselves, individually, from the class, once the court has made a determination under Rule 23(c) (1) that a Rule 23(b) (3) class action may be maintained. No such determination has been made by the Court prior to the determination on the merits, i. e., that the matter is now moot. The dismissal, therefore, binds only the named plaintiffs, and the notice required by 23(c) (2) would serve no purpose.

## DAMAGES AND ATTORNEYS FEES

■ Defendant next seeks to establish that a class action may not be maintained in this lawsuit for the remaining relief. Regarding this issue plaintiffs state, "This issue, however, does not turn on an academic analysis of Rule 23 of the Federal Rules of Civil Procedure". Citing Section 706(g) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g) and Sprogis v. United Airlines, 444 F.2d 1194 (7th Cir. 1971), plaintiffs suggest that it is within the power of the Court to fashion whatever appropriate affirmative action it deems necessary in its discretion, Rule 23 notwithstanding. The Court of Appeals for the Fifth Circuit appears to have rejected this view in Danner v. Phillips Petroleum Co., 447 F.2d 159 (5th Cir. 1971). In the action brought under Title VII, the Court stated at page 164:

"Class actions are very specialized types of suits, and an 'allegation of class representation is attended by serious consequences'. Philadelphia Electric Co. v. Anaconda American Brass Co., E.D.Pa.1967, 42 F.R.D. 324, 328. Class actions are governed by the quite specific requirements of Rule 23 of the Federal Rules of Civil Procedure, and as a general rule, an action on behalf of unnamed persons must be brought in conformity with

Rule 23. See 3B Moore's Federal Practice §§ 23.02–2.

* * * But if they (the other members of the purported class) decide to bring a class action, it must be brought and identified as such, and the predicate for class action relief must be carefully laid." [10]

"10. Our denial of class action relief in the instant case by no means affects the previous rulings of this Court holding (1) that class actions are permissible under Title VII and (2) that it is not necessary that every member of the class bringing a Title VII suit first file a charge with the EEOC. See Miller v. International Paper Co., 5th Cir. 1968, 408 F.2d 283; Oatis v. Crown Zellerbach Corp., 5th Cir. 1968, 398 F.2d 496. All we hold is that class action relief must be predicated upon a proper class action complaint satisfying all the requirements of Rule 23.

The decision must, therefore, be made in conformity with Rule 23.

It is clear that this action has been brought under Rule 23(b) (2). Paragraph 4 of the Complaint reads as follows:

"4.

The female employees employed by South Central Bell Telephone Company constitute a class so numerous as to make it impractical to bring them before the Court. There are common questions of law and fact affecting their rights and common relief is sought. The claims of the individual plaintiffs are typical of the claims of the class and plaintiffs adequately represent the interest of the class. Defendants have acted or refused to act on grounds and for reasons generally applicable to all members of the class and the relief requested is appropriate to all members of the class".

By tracking the language of 23(a) and 23(b) (2), the plaintiffs characterize the type of class action which they have sought to bring.

■ Class actions under 23(b) (2) are not appropriate for the type of relief which is sought here. The text of the subdivision itself reads:

" * * * (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; * * * * "

With regard to 23(b) (2) actions, it is stated at 3B Moore, Federal Practice § 23.40 at 654 (2d Ed. 1969):

"But (b) (2) was not intended to apply where the appropriate final relief relates exclusively or predominantly to money damages. Rather it is limited to cases where, on behalf of the class as a whole, final injunctive or corresponding declaratory relief is appropriate". (Footnotes omitted).

The reasoning behind this design becomes apparent when one considers the following language from Professor Moore's treatise, 3B Moore, Id. § 23.-45[1] at 703:

"Subdivisions (b) (1) and (2) are keyed to the effect of the relief sought, and the pragmatic ramifications of adjudication in each situation, rather than to any special attributes of the class involved. By definition, the class comprises all those who will share in or be directly affected by the grant or denial of relief. Subdivision (b) (3), on the other hand, looks to the existence of a group defined by the dependence of the individual members on the determination of common issues; any relief ultimately granted may vary among the class members". (footnotes omitted).

Once the prerequisites of division (a) of Rule 23 is met, the focus in a 23(b) (2) action is on the relief sought "with respect to the class as a whole". Monetary damages are not a general grant of relief, as contemplated by this part of the rule. On the other hand, the focus

in Rule 23(b) (3) remains on the class itself, along with other considerations. Rule 23(b) (2) is simply not designed to require the Court to examine the particular circumstances affecting each individual member of the class. Class suits developed as a tool in equity to promote the *efficient* litigation of certain types of controversies. The use of Rule 23(b) (2) in the suggested fashion would hardly promote efficiency; indeed, one can envision the potential for unmanageability inherent in this unintended use of the device. Further, there exists a question whether procedural due process would be accorded those bound by a judgment granting or denying monetary relief in an action in which no notice is required to be given to the members of the class. Notice is not required in a Rule 23(b) (2) action. Johnson v. City of Baton Rouge, 50 F.R.D. 295 (E.D.La. 1970).

A question could also arise concerning whether the addition of a demand for prospective relief coupled with the demand for monetary relief might under certain circumstances, allow both actions to be brought under Rule 23(b) (2). Since the question of prospective relief is moot, the question does not arise here. However, the proper approach to the problem is indicated at 3B Moore, Id., § 23.45[1] at 708:

> "Subdivision (b) (2) is limited to actions where injunctive or declaratory relief on behalf of the class is the exclusive or predominant final result sought. Thus a request for such a remedy merely in aid of a suit for money damages, to preserve the status quo, for instance, would not bring the action within (b) (2). Similarly, where it is clear that the real aim of the litigation is the ultimate money award, with a plea for injunctive relief appended as formality or a very secondary consideration, the action should be classed within (b) (3). If, however, injunctive relief and damages would be equally appropriate remedies, and both may be obtained, the court should divide the suit into subclasses handled under the separate subdivisions of (b); in many such situations class action may only be necessary for the injunctive aspect, with those individuals suffering actual injury pressing their individual claims for damages in a separate count". (Footnotes omitted).

Accordingly, this action is dismissed insofar as it seeks prospective injunctive or declaratory relief and shall remain pending only insofar as it seeks an award of damages to individual plaintiffs; all questions of costs and allowance of attorneys' fees are reserved for further ruling.