Leslie **FERTIG** et al., Plaintiffs,

v.

**BLUE CROSS OF IOWA,** a/k/a Hospital Service, Inc., of Iowa, et al., Defendants.

No. 73–C–3068–W.

United States District Court, N. D. Iowa, W. D.

May 6, 1974.

Russell S. Wunschel, Carroll, Iowa, Thomas L. McCullough, Sac City, Iowa, for plaintiffs.

Richard W. Berglund, Des Moines, Iowa, D. M. Elderkin, Cedar Rapids, Iowa, for defendants, Iowa Hospital Ass'n, Inc., Mercy Hospital, Cedar Rapids, Mercy Hospital, Oelwein, Community Hospital, Anamosa, Virginia Gay Hospital, Vinton.

Calvin R. Anderson, Decorah, Iowa, for defendant, Winneshiek County Memorial Hospital.

Hugh V. Faulkner, Oskaloosa, Iowa, for defendant, Mahaska County Hospital.

John R. Mugan, Manning, Iowa, for defendant, Manning General Hospital.

George Lindeman, Waterloo, Iowa, for defendant, Allen Memorial Hospital.

Leo E. Fitzgibbons, Estherville, Iowa, for defendant, Holy Family Hospital, Estherville.

F. C. Blackledge, Des Moines, Iowa, for defendants, Redfield Family Practice Clinic and Harrison Treatment & Rehab. Center.

Gary J. Groves, Webster City, Iowa, for defendant, Hamilton County Public Hospital.

Redge O. Berg, Spencer, Iowa, for defendant, Spencer Municipal Hospital.

H. G. Langdon, Des Moines, Iowa, for defendant, Iowa Methodist Hospital–Des Moines.

Ruth R. Harkin, Ames, Iowa, for defendant, Story City Hospital.

J. G. Fletcher and B. A. Webster, Des Moines, Iowa, for defendant, Blue Cross of Iowa.

Dewie J. Gaul, P. L. Nymann, Sioux City, Iowa, for defendant, Blue Cross of Western Iowa & S. Dakota.

James E. Houser, Belmond, Iowa, for defendant, Belmond Community Hospital.

C. K. Petitt and D. W. Harris, Bloomfield, Iowa, for defendant, Davis County Hospital.

John J. McLaughlin and W. Don Brittin, Jr., Des Moines, Iowa, for defendant, Mercy Hospital (Des Moines).

John Connolly, III, and George E. O'Malley, Des Moines, Iowa, for defendant, Des Moines General Hospital.

Alan Vest, Sac City, Iowa, for defendant, Loring Hospital, Sac City, Iowa.

Michael J. Myers, Sioux City, Iowa, for defendants, St. Joseph Mercy Hospi-

tals at Mason City, Dubuque, Clinton, Waverly, Cresco and Sioux City.

Francis J. O'Connor, David L. Hammer, and Howard O. Hagen, Dubuque, Iowa, for defendants, The Finley Hospital, and Xavier Hospital, Dubuque.

## ORDER

McMANUS, Chief Judge.

This matter is before the court upon plaintiffs' motion to amend and add defendants filed January 24, 1974, defendants' motion for change of venue, and the court's order for briefs regarding the class action issue.

Plaintiffs' complaint asserts that this case is a class action brought on behalf of more than two million persons who have been hospitalized in Iowa during the last ten years and who were not at the time of their admission subscribers to a Blue Cross Plan. Blue Cross and 141 charitable, religious and public hospitals are named as defendants. Plaintiffs also seek to add the Iowa Commissioner of Insurance as a defendant. Monetary damages as well as injunctive and declaratory relief are sought, and jurisdiction is asserted under 15 U.S.C. § 1 et seq. and 28 U.S.C. § 1337.

### *Motion to Amend to Add Defendant*

Plaintiffs seek to amend their complaint to add William H. Huff III, Commissioner of Insurance of the State of Iowa, as a party defendant. They assert that since the contracts in question were subject to the approval of the Commissioner of Insurance, he has joined in the conspiracies alleged in the complaint. Injunctive relief regarding the approval of additional contracts is sought.

From an examination of the record and motion, it appears that it should be granted.

### *Class Action*

#### a. *Generally*

■ To be maintainable as a class action, the four requirements of Rule 23(a) must be satisfied, and the action must fall within one of the categories listed in Rule 23(b), F.R.Civ.P., *McAdory v. Scientific Research Instruments, Inc.,* 355 F.Supp. 468 (D.Md. 1973); *In re Caesars Palace Sec. Lit.,* 360 F.Supp. 366, 396 (S.D.N.Y.1973); *LaMar v. H & B Novelty & Loan Co.,* 55 F.R.D. 22 (D.Ore.1972); *Thomas v. Clarke,* 54 F.R.D. 245 (D.Minn.1971). It is plaintiffs' burden to show that the requisites of a class action are met. *Danner v. Phillips Petroleum Co.,* 447 F.2d 159 (5th Cir. 1971); *Cash v. Swifton Land Corp.,* 434 F.2d 569 (6th Cir. 1970); *Demarco v. Edens,* 390 F.2d 836 (2nd Cir. 1968).

■ While at one time the courts took an extremely liberal view of the rule, repeated abuses in cases where large monetary recoveries are sought have led the courts to look more closely at the requirements of the rule. See e. g. *Eisen v. Carlisle & Jacquelin,* 479 F. 2d 1005 (2nd Cir. 1973); *Abercombie v. Lum's, Inc.,* 345 F.Supp. 387 (S.D.Fla. 1972); *Eatinger v. GAC Properties* (N. D.Ia. 72–C–6–CR December 7, 1972). Generally, the merits of plaintiffs' claim are not in issue upon a motion for class determination; however, an analysis of the issues and the nature of proof required is relevant to the determination of whether the action is essentially individual in character. See e.g. *Miller v. Mackey Intern, Inc.,* 452 F.2d 424, 427 (5th Cir. 1971); *In re Penn Cent. Securities Litigation,* 347 F.Supp. 1327 (E.D. Pa.1972); *Abercrombie v. Lum's, Inc.,* 345 F.Supp. 387 (S.D.Fla.1972).

#### b. *Compliance with F.R.C.P. 23(a)*

F.R.C.P. 23(a) requires (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative will fairly and adequately protect

the interests of the class. Here only the numerosity is conceded by defendants.

From an examination of the record it is the view of the court that the requirements of (a)(2) have been met in this case. As a general rule all that this section requires is *either* common questions of fact *or* common questions of law, and the fact that other questions may remain as to individuals is not controlling. *Like v. Carter*, 448 F.2d 798 (8th Cir. 1971); *LaMar v. H & B Novelty & Loan Co., supra; Dolgow v. Anderson*, 43 F.R.D. 472, 490 (E.D.N.Y. 1968). Here ample common legal and factual issues exist. Indeed some courts have found common questions in the allegation of a conspiracy. *Morris v. Burchard*, 51 F.R.D. 530, 532 (S.D.N.Y. 1971); *Siegel v. Chicken Delight, Inc.*, 271 F.Supp. 722 (N.D.Cal.1967).

The heart of defendants' contention in this regard is that no common questions exist because plaintiffs have failed to raise any genuine issues of law or fact and have thereby failed to demonstrate a substantial likelihood of success. The merits of the action have been ably briefed by defendants, and in support of the requirement of a preliminary showing that there is a substantial possibility of success they cite *Dolgow v. Anderson*, 53 F.R.D. 664 (E.D.N.Y. 1971), and *Milberg v. Western Pacific Ry. Co.*, 51 F.R.D. 280 (S.D.N.Y.1970). Plaintiffs, on the other hand, have declined to brief the merits and have relied on what this court feels is the current state of the law in this area to the effect that whether plaintiff has stated a cause of action or will ultimately prevail is not in issue in a motion for class determination. See e.g. *Halverson v. Convenient Foodmart, Inc.*, 458 F.2d 927 (7th Cir. 1972); *Miller v. Mackey Intern, Inc., supra; Kahan v. Rosenstiel*, 424 F.2d 161 (3rd Cir. 1970); *Eisen v. Carlisle & Jacquelin*, 479 F.2d 1005 (2nd Cir. 1973) (Eisen III).

The cases cited by defendants were discussed by the Second Circuit in *Eisen III*, and the procedure whereby the merits could be inquired into by a mini-hearing on the merits rejected as inconsistent with Rule 23. *Eisen v. Carlisle & Jacquelin, supra* at 1016. Under the circumstances of this case the court feels that this is the proper approach.

The precise requirements of 23(a)(3) and (4) and the extent to which they overlap other portions of the rule have caused confusion among both courts and commentators. See generally, Wright & Miller, *Federal Practice and Procedure*, Civil § 1764; 3B *Moore's Federal Practice* ¶ 23.06-2. In the instant case the court will accept the standard set out by Miller and Wright regarding 23(a)(3) to the effect that plaintiffs' claims or defenses and those of the class must stem from a single event or be based on the same legal or remedial theory. This allows screening of cases where the representatives' claims are substantially different from those of the other members even though common issues are raised.

Rule 23(a)(3) apparently overlaps and was intended to buttress the fair representation requirement in 23(a)(4) on the theory that if the claims and defenses are typical the representatives in supporting their own claims will likewise advance the claims of others in like position. *Rosado v. Wyman*, 322 F.Supp. 1173, at 1193 (E.D.N.Y.1970). Consequently coextensiveness of interest in the sense that while claims need not be identical, the representatives and the class members should share common objectives and legal or factual positions, is relevant under both (a)(3) and (a)(4). See *Zarate v. State Dep't of Health & Rehabilitative Service*, 347 F.Supp. 1004 (S.D.Fla.1971); *Feder v. Harrington*, 52 F.R.D. 178 (S.D.N.Y.1970).

What constitutes adequate representation under 23(a)(4) generally depends upon the facts of each case, and while under certain circumstances the

number of representatives may be relevant, generally it is the quality of representatives as judged by counsel and the stature and interests of the named parties which is controlling. See e.g. *Korn v. Franchard Corp.*, 456 F.2d 1206 (2nd Cir. 1972); *Johnson v. Georgia Highway Express*, 417 F.2d 1122 (5th Cir. 1969); *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2nd Cir. 1968). An important factor is always whether there is some antagonism or conflict of interest between the representative and some of the other class members. *City of Chicago v. General Motors Corp.*, 332 F. Supp. 285 (N.D.Ill.1971); *Alameda Oil Co. v. Ideal Basic Indus., Inc.*, 326 F. Supp. 98 (D.C.Colo.1971); *Koehler v. Ogilvie*, 53 F.R.D. 98 (N.D.Ill.1971). Ultimately the questions become, are the representatives' interests such that they will vigorously prosecute the action so that members' rights are certain to be protected. *Kriger v. European Health Spa Inc. of Milwaukee, Wisconsin*, 56 F. R.D. 104 (E.D.Wis.1972); *Thomas v. Clarke*, 54 F.R.D. 245 (D.Minn.1971).

 Here the court feels that the conspiracy allegations are sufficient to meet the requirements of 23(a)(3). See *Minnesota v. United States Steel Corp.*, 44 F.R.D. 559 (D.Minn.1968); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452 (E.D.Pa.1968); *State of Iowa v. Union Asphalt and Road Oils, Inc.,* 281 F.Supp. 391 (S.D. Iowa 1968).

The court has serious doubts as to whether plaintiffs have carried their burden under 23(a)(4), however. Here the four named plaintiffs are attempting to represent the class of all persons not covered by Blue Cross and who were hospitalized in one of Iowa's 141 hospitals during the last 10 years. This class has been estimated to exceed 2½ million people. Plaintiffs, however, have had direct contact with only two of the hospitals. In addition, numerous subclasses appear to exist in connection with the method and extent of payment. Further, substantial factual variances are apparently present among the hospitals regarding computation of charges, and all contracts with Blue Cross may not be alike.

Finally, plaintiffs' interests appear to be in conflict with the members of the class who are presently subscribers to Blue Cross. Plaintiffs suggest that 23(c)(4) be used to remedy these difficulties; however, it appears that it is unnecessary to resolve these questions in light of the court's view that plaintiffs have failed to establish that the requirements of 23(b) have been met.

### c. Compliance with F.R.C.P. 23(b)

 Assuming that the requirements of 23(a) have been met, this action must fail as a class action under 23(b).

No claim is made by plaintiffs that 23(b)(1) is applicable. Indeed such a claim would be without merit. See generally 3B *Moore Fed.Prac.* ¶ 23.35.

In their present posture plaintiffs' primary contention is that this action is maintainable under 23(b)(2). This section is applicable by its express terms only where final declaratory or injunctive relief with respect to the entire class is appropriate. While damages may be awarded in a (b)(2) action, *Baxter v. Savannah Sugar Refining Corp.*, 350 F.Supp. 139 (S.D.Ga.1972); *Robinson v. Lorillard Corp.*, 444 F.2d 791 (4th Cir. 1971), it is clear that this section was not intended to apply to suits which are primarily for damages. *McAdory v. Scientific Research Instruments, Inc., supra; Baham v. Southern Bell Telegraph Co.*, 55 F.R.D. 478 (W. D.La.1972); 3B *Moore's Federal Practice* ¶ 23.40 at p. 23–654. The notes of the advisory committee provide as follows:

. ·. . The subdivision (b)(2) does not extend to cases in which the appropriate final relief relates exclusive-

ly or predominantly to money damages. . . .

As to when damages predominate and the relation of (b)(2) and (b)(3), Judge Scott's statements in *Baham* succinctly summarize the considerations:

> Once the prerequisites of division (a) of Rule 23 is met, the focus in a 23(b)(2) action is on the relief sought "with respect to the class as a whole". Monetary damages are not a general grant of relief, as contemplated by this part of the rule. On the other hand, the focus in Rule 23(b)(3) remains in the class itself, along with other considerations. Rule 23(b)(2) is simply not designed to require the Court to examine the particular circumstances affecting each individual member of the class. . . . *Baham v. Southern Bell Tel. & Tel. Co., supra,* at 480–481.

In this case it is almost ludicrous to assert that damages do not predominate. The prayer is in excess of $500,000,000. In addition it seems clear that ultimately an individual examination of each damage claim will be required. Further, as the court in *Bogosian v. Gulf Oil Corp.,* 62 F.R.D. 124, 134 (E.D.Pa.1973), observed, plaintiffs have asserted jurisdiction under 15 U.S.C. § 15 which provides exclusively for monetary damages and can hardly be said to be merely ancillary to a claim for injunctive relief under 15 U.S.C. § 26.

Finally, while notice is not generally considered mandatory under (b)(2), see e.g. *Baxter v. Savannah Sugar Refining Corp.,* 350 F.Supp. 139 (S.D.Ga.1972); *Johnson v. City of Baton Rouge, Louisiana,* 50 F.R.D. 295 (E.D.La.1970), *Northern Natural Gas Co. v. Grounds,* 292 F.Supp. 619 (D.Kan.1968), serious constitutional issues would be raised in an action of this type unless notice at least equal to that required under 23(c)(3) was ordered by the court under 23(d)(2). See *Baham v. Southern Bell Tel. & Tel. Co., supra,* 55 F.R.D. at 481; *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 564 (2nd Cir. 1968). Since plaintiffs' attempt to come under (b)(2) seems to a large extent motivated by a desire to avoid the expense of notice required under (b)(3), it is extremely doubtful that they would be willing to bear this expense under (b)(2).

Likewise, it is the view of the court that this action may not be maintained under 23(b)(3) since plaintiffs have failed to demonstrate that a class action is superior to other methods for adjudication of this controversy or that it would be manageable.

Clearly, in light of the factual disparities involved in this case, a class action is not the superior method of proceeding. As suggested by defendants, if plaintiffs' purpose is to insure equality of hospital charges, this might more quickly be decided in an action for declaratory relief.

However, more importantly, this action is completely unmanageable as a class action with regard to notice and proof. Since almost the entire class is ascertainable, notice would have to be given to each member. *Eisen v. Carlisle & Jacquelin,* 479 F.2d 1005 (2nd Cir. 1973). This would be extremely expensive and time consuming, and plaintiffs must at least initially bear this burden. Presumably, they will not do so since they have chosen not to brief or offer any suggestions regarding notice under (b)(3). Instead, they have vigorously attempted to bring this action under (b)(2) on the premise that no notice will be required.

In addition, the mere size of the class, coupled with the numerous individual factual issues, such as amount of claim, subrogation, and counterclaims, make this action beyond the capacity of the court to administer. See e.g. *Boshes v. General Motors Corporation,* 59 F.R.D. 589 (N.D.Ill.1973); *Ralston v. Volkswa-*

*genwerk A.G. et al.*, 61 F.R.D. 427 (W.D.Mo.1973).

It is therefore

Ordered

1. Plaintiffs' application to amend and add parties is granted on the condition that service is made upon William H. Huff III within two weeks of the date of this order.

2. Defendant's motion for change of venue is denied without prejudice at this time.

3. Certification as a class action is denied.