Hildred STEVENSON et al., Plaintiffs,

v.

Noah B. SMITH et al., Defendants.

Civ. A. No. 76–442.

United States District Court,
D. Delaware.

Dec. 16, 1976.

Plaintiffs, pro se.

OPINION

MURRAY M. SCHWARTZ, District
Judge.

Six inmates at the Sussex Correctional
Institute ("S.C.I.") have filed a class action
for declaratory and injunctive relief and
damages under 42 U.S.C. § 1983 against a
number of prison staff members and offi-
cials at S.C.I. The following allegations are
contained in the complaint: Plaintiff Hil-
dred Stevenson, a black inmate, alleges that
two prison employees without cause as-
saulted him with tear gas. Plaintiff John
Garvey, a white inmate, claims that desira-
ble prison work assignments, furlough, and
educational release, participation in which
would facilitate release or parole, were un-
constitutionally denied him on account of
his written criticisms of prison conditions,
legal advice given to other prisoners and his
association with black inmates. Plaintiff
John Fomby, a black inmate, complains that
he received a significantly more severe pun-
ishment than did a white inmate when ac-
cused of the same infraction of prison rules
(consumption of alcoholic beverages while

on work release). Plaintiff Nathaniel Bagwell, a black inmate, claims that he and other black inmates are being denied furloughs and other benefits on the basis of their color. Plaintiffs Harlan Savage and Francis Brooks claim that certain prison staff members coerced another inmate to falsely charge them with sodomy, resulting in their arraignment on these charges.[1] Plaintiffs Savage and Brooks further allege that the prison staff member did this because they were black and adherents to the Muslim religion, and that similar harassment had been directed towards other blacks and Muslims at S.C.I.

■ Although the question of the propriety of this suit as a class action formally has not been submitted to the Court for consideration, the Court, on its own motion, is compelled to raise it at this time. This step is prompted by substantial doubts concerning whether this action satisfies the requirements for a class action contained in F.R.Civ.P. 23(a), particularly the requirements that there be presented common issues of law or fact and typicality of claims.[2]

A common thread of law or fact running through the five separate claims presented is difficult to detect. Similarly, none of the claims can be characterized as in any way typical of the others.[3] Although four of the five claims involve general allegations of racially discriminatory treatment, this connection is at best a tenuous one. One of the plaintiffs (Garvey) alleging racially motivated treatment is in fact white. The claims of both Garvey and Fomby involve discrete occurrences in no way factually connected to each other or to the other claims. The claims of Bagwell and of Savage and Brooks both allege disparities in treatment on a class wide basis, yet even here there is little similarity, such that proof of racially based motivation in one would have minimal bearing on comparable proof in the other.[4] Therefore, although the individual claims standing alone may present claims cognizable under section 1983, I feel constrained to dismiss the class action aspect of this law suit, and order that it be docketed as six separate actions.[5]

This Court is fully cognizant of the unusual step that it is taking in dismissing the class aspects of the complaint at this very early stage of the proceedings. There has yet even to issue a summons or administrative order calling for a responsive pleading from the defendants. However, for reasons articulated below, this action is properly within the Court's sound discretion, given the unusual circumstances of this case.

■ First, such an action is not inconsistent with the language of F.R.Civ.P. 23(c)(1), which requires the Court to pass on the

---

1. The charges apparently were dropped when the alleged victim recanted.

2. It is also questionable whether the numerosity requirement of F.R.Civ.P. 23(a) has been met. If the class were comprised of the six named plaintiffs, as it would superficially appear, then the numerosity requirement clearly would not have been satisfied. Complicating this is the fact that the individual allegations of both Bagwell and of Savage and Brooks contain class allegations of their own. These allegations might be arguably sufficient to satisfy the numerosity requirement attached to their own claims, but it is less clear whether they are sufficient to satisfy the numerosity requirement as to the primary class apparently intended by the complaint.

3. The interrelationship between the commonality and typicality requirements of F.R.Civ.P. 23(a) is discussed in 3B *Moore, Federal Practice* ¶ 23.06–1.

4. Bagwell's claim alleges discrimination resulting from an institution-wide administrative policy. Savage and Brooks' claim, on the other hand, is based on related actions apparently engaged in by individual correctional officers.

5. Originally the Court intended to order that the claims of plaintiffs Savage and Brooks be docketed as a single action because they both allege the same cause of action. Recently it has come to the Court's attention that the State of Delaware has relinquished custody of plaintiff Brooks, who is presently in federal custody and is serving a life sentence in a federal institution outside the State of Delaware under an assumed name. It would be inappropriate for the Court, although it considers the prospect that plaintiff Brooks will pursue his claim to be highly unlikely, to dismiss plaintiff Brooks' claim at this time. However, given these circumstances, the Court feels it is advisable to docket the claims of Savage and Brooks separately.

propriety of a proposed class action "[a]s soon as practicable after the commencement of an action brought as a class action." The face of plaintiffs' complaint in this case supplies the necessary information to pass on the class certification question. Therefore, a ruling at this juncture does not deviate from the mandate of Rule 23(c)(1).

Second, it is established that determination of the propriety of a class action need not await a motion by either of the parties. In appropriate circumstances the court may act, in fact may be obligated to act, on its own motion. See *Weisman v. MCA Inc.,* 45 F.R.D. 258 (D.Del.1968); Frankel, *Some Preliminary Observations Concerning Civil Rule 23,* 43 F.R.D. 39, 41 ("[i]t may not be acceptable to leave with the parties control over the timing of a (c)(1) determination"); 3B *Moore, Federal Practice* ¶ 23.50; *cf. Johnson v. City of Baton Rouge,* 50 F.R.D. 295, 298 (E.D.La. 1970); *Lesch v. Chicago & Eastern R.R.,* 279 F.Supp. 908 (N.D.Ill.1968). This Court acknowledges that none of the previously cited cases and authorities contemplated determination of the class certification question on the Court's own motion this early in the proceedings. Yet the policy reflected in the previous authorities—that ultimate responsibility lies with the court for speedy resolution of the class certification question in a manner consistent with the interests of justice [6]—is the same basic consideration dictating my action in the present matter.

Finally, and most importantly, it is clear that the interests of justice are served by ruling on the class certification question at this time. Plaintiffs in this case are *pro se* prisoners who lack the requisite legal sophistication, as would most laymen, to recognize the appropriate situations in which Rule 23, with all its intricacies, was intended to apply. To forego resolution of this question until such time as defendants file a motion in opposition to class certification would serve only to penalize the plaintiffs for their lack of legal acumen by appreciably delaying resolution of the merits of their claims. Further, ease of court administration is enhanced where the diverse claims as presented here will require different administrative treatment.[7]

Accordingly, the Court, on its own motion, will deny certification of the proposed class and order that the complaint be docketed as six separate actions.[8] Plaintiffs' motion(s) to proceed *in forma pauperis* is granted and administrative orders shall be issued in what now are the separate actions brought by Stevenson, Garvey, Bagwell, Savage and Brooks. The docketed individual action brought by plaintiff Fomby is ordered dismissed as frivolous, 28 U.S.C. § 1915, on grounds of res judicata.[9]

**6.** *Cf.* Frankel, *Some Preliminary Observations, supra,* 43 F.R.D. at 42:

"I commend to you only the question . . whether [Rule 23(c)(1)] requires the court to take charge early in the case rather than to let it proceed in the normal way at the pace set by the parties. I have indicated [several] reasons why the question may demand [an] affirmative answer . . . . I think there is weight in the observation of Judge Fullam that '[u]nder the present Rule 23, an allegation of class representation is attended by serious consequences' (*Philadelphia Electric Company v. Anaconda American Brass Company,* supra, [D.C.] 42 F.R.D. at 328)—consequences radiating beyond the parties before the court and, therefore, requiring early intervention . . . ."

**7.** *See* n.5, *supra,* for just one example of the potential administrative difficulties inhering in continuation of this suit as a class action, even for a limited period of time.

**8.** The purpose of this opinion and accompanying order is to deny class certification to the class as a whole as requested in the complaint. This in no way passes on the propriety of any of the individually docketed claims, particularly those of Bagwell and of Brooks and Savage, to stand on their own as class actions.

**9.** Fomby previously filed an action involving the same claim as presented here, which was dismissed on the merits in a Memorandum Opinion filed by Chief Judge Latchum. *See Fomby v. Ellingsworth,* C.A. 76–100 (D.Del. July 7, 1976).