George L. KESLER et al., Plaintiffs,

v.

HYNES & HOWES REAL ESTATE, INC.,
an Iowa Corporation, et al.,
Defendants.

Civ. No. 74–22–D.

United States District Court,
S. D. Iowa.

Feb. 11, 1975.

Williams, Hart, Lavorato & Kirtley, Brian P. Williams, Louis A. Lavorato, William T. Kirtley, Fred R. Schneider, George A. LaMarca and Samuel S. Duffey, West Des Moines, Iowa, Williams & Seery, Richard E. Williams, Robert W. Seery, Vernon L. Traster, Des Moines, Iowa, for plaintiff; M. Gene Blackburn, Des Moines, Iowa, of counsel, for plaintiffs.

Dircks & Saylor, Ronald L. Saylor, William E. Davis, John T. Murray, W. Michael Shinkle, Davenport, Iowa, Bradshaw, Fowler, Proctor & Fairgrave, Michael H. Figenshaw, John C. Cortesio, Jr., Kent M. Forney, David J. W. Proctor, Des Moines, Iowa, for defendants, Hynes & Howes Real Estate, Inc., Herbert O. Haws, Donald E. Kohrs, Norman J. Kelinson, Hubert Nelson, Eric H. Bonewitz, John R. Howes, Donald Willis, Dale R. Dietz, Hynes & Howes Securities Co., Willis A. Schrampfer, Dennis D. Munyon, David W. Schrampfer, Forest P. Whitlow, Larry Duncan and Jack Silverman.

Loren Thomas Hora, Shifley & Hora, Davenport, Iowa, for defendant Robert Gahn.

## MEMORANDUM OPINION

HANSON, Chief Judge.

The Court issues this opinion to implement its Order of December 27, 1974, that this case be maintained as a class action.

This lawsuit was filed on October 25, 1973. Jurisdiction is based upon Section 22 of the Securities Act of 1933 (15 U.S.C. § 77v(a)) and Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa). Plaintiffs describe this action in their complaint as a class action brought on behalf of themselves and all others similarly situated who purchased shares of common capital stock of Hynes & Howes Real Estate, Inc., during a period from January 11, 1972 to June 30, 1972. Named as defendants are Hynes & Howes Real Estate, Inc., hereinafter referred to as the "company," Hynes & Howes Security Company, and certain individuals who were officers or directors of the company.

The relief sought is "rescission," to-wit: return of consideration paid, plus interest, attorney fees and costs. In addition, plaintiffs seek damages for those individuals who have as of the date of this lawsuit sold shares purchased during the above stated time period. This relief could conceivably reach in excess of seven million dollars.

Plaintiffs' action is based on alleged violations by defendants of the following:

A. Section 12(1), Securities Act of 1933, 15 U.S.C. § 77$l$(1), to-wit: Sales or offers to sell all common stock of the company were in violation of Section 12(1) of the Securities Act of 1933, because said sales or offers to sell were in violation of Section 5(a) and (c) of the Securities Act of 1933, 15 U.S.C. § 77e(a) and (c), in that no registration statement as to the common stock of the company had been filed or was in effect with the Securities and Exchange Commission and no exemption from registration under the Securities Act of 1933 was available.

B. Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77$l$(2), in that defendants, including the company, directly or indirectly, sold or offered to sell the common stock by use of means and instruments of transportation or communication in interstate commerce or of the mails by means of a prospectus or oral communication, which included untrue statements of a material fact and omitted to state certain material facts necessary to make the statements, in the light of the circumstances under which they were made, not misleading.

C. Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in that defendants, including the company, by use of means and instruments of transportation and communication in interstate commerce and of the mails, did, knowingly, directly and indirectly:

(1) Employ a device, scheme and artifice to defraud;

(2) Obtain money and property by means of untrue facts and omissions to state material facts necessary, in order to make the statements made, in the light of the cir-

cumstances under which they were made, not misleading; and

(3) Engage in transactions, practices and a course of business which operated and would operate as a fraud and deceit upon the purchasers.

D. Section 10(b) and Rule 10(b)–5 thereunder of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and 17 C.F.R. 240.10(b)–5, in that defendants, including the company, by the use of means or instrumentalities of interstate commerce and of the mails, were knowingly, directly and indirectly:

(1) Employing a device, scheme and artifice to defraud;

(2) Obtaining money and property by means of untrue statements of material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

(3) Engaging in transactions, practices, and a course of business which operated and would operate as a fraud and deceit upon the purchasers and prospective purchasers of said common stock of the company.

E. Violations of Chapter 502, Code of Iowa, in that defendants, including the company, directly or indirectly offered or sold the common stock of the company, through the use or medium of prospectuses or oral communications, which included untrue statements of material facts and which omitted to state material facts necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading.

The total number of shares held by the named plaintiffs is 45,750 out of an estimated 3½ million shares sold during the relevant time period. The number of named plaintiffs is eighteen, all of whom purchased their shares in question during the period from January 11, 1972 through June 30, 1972. On December 31, 1972 the number of record shareholders was 4,485.

Rule 23 of the Federal Rules of Civil Procedure provides that in order to maintain an action on behalf of a class, all the prerequisites of Rule 23(a) must be satisfied and, in addition, the requirements of at least one of the subsections of Rule 23(b) must be satisfied. Rule 23(a) sets forth four prerequisites to a class action:

(1) The class is so numerous that joinder of all members is impracticable,

(2) There are questions of law or fact common to the class,

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class, and,

(4) The representative parties will fairly and adequately protect the interests of the class.

In addition to asserting each of the above four requirements, plaintiffs allege the existence of the additional prerequisites required by Rule 23(b)(3):

That the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

From the resistances on file and the hearing held in this matter on October 30, 1974, it appears that defendants concede that: the class is too numerous for practicable joinder of all as parties; there are questions of law or fact common to the class; and questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Defendants base their resistance to plaintiffs' motion on these grounds:

(1) The claims of the plaintiffs are atypical of the claims of the class they purport to represent (23(a)(3));

(2) The plaintiffs will not fairly and adequately protect the interests of the class they purport to represent (23(a)(4)); and

(3) A class action is not superior to other available methods for the fair and efficient adjudication of the controversy (23(b)(3)).

The Court will consider these arguments separately.

Rule 23(a)(3): *The Typicality of the Claims or Defenses of the Representative Parties.*

"The meaning of the separate requirement under amended Rule 23(a)(3) that plaintiffs' claims be 'typical of the claims . . . of the class,' is not explained in the accompanying notes of the advisory committee. . . . It has, however, been suggested that this new provision contains a cryptic reference to the notions, still valid under the amended rule, that the representative must not have interests which conflict with those he purports to represent. . . .'. The requirement that the representative's interests be free of conflict with those of the absentee has in turn been held to entail (1) the presence of interests co-extensive with the interests of the class, or (2) the absence of representative interests which are antagonistic to the interests of the absentees . . .". Vernon J. Rockler &

Co., Inc., v. Graphic Enterprises, Inc., 52 F.R.D. 335, 340 (D.Minn.1971).

Here the defendants have not alleged a direct conflict on interest between the representative plaintiffs and the class they purport to represent. Rather they have sought to convince this Court that the named plaintiffs are not proper parties to represent the class of absentee plaintiffs who purchased shares of the company stock between January 11, 1972 and January 30, 1972. Specifically, defendants allege (1) with regard to Section 17(a) of the 1933 Act, Section 10(b) of the 1934 Act, and Chapter 502 of the Code of Iowa, that the plaintiffs' claims are atypical of the class they purport to represent because the named plaintiffs have relied on information other than the three prospectuses issued by the company, (2) that plaintiffs' claim pursuant to Section 12(1) of the 1933 Act is barred by the limitations of Section 13 unless plaintiffs can successfully maintain that the defendants are estopped from asserting said Section and (3) that in regard to Section 12(2) of the 1933 Act, plaintiffs were sold shares in the company other than "by means of" a prospectus and, therefore, cannot be representative of a class that was sold share "by means of" a prospectus.

*A. Typicality in Terms of Reliance*

The Court will first deal with defendants' argument that the named plaintiffs' claims are atypical of those of the parties they seek to represent because the named plaintiffs did not rely on alleged omissions in the relevant prospectuses to the same extent that the class did.

In Affiliated Ute Citizens v. United States, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), the Supreme Court held that a nondisclosure case under 10b–5 did not require positive proof of reliance as a necessary element of plaintiffs' case. It held at 153–54, 92 S.Ct. at 1472:

Under the circumstances of this case, involving primarily a failure to

disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision.

▇▇▇ Notwithstanding *Affiliated Ute,* there has been some question as to how reliance is to be treated in a 10b–5 class action nondisclosure case. *See,* Note, The Reliance Requirement in Private Actions Under SEC Rule 10b–5, 88 Harvard L.Rev. 584 (1975). *See also* Entin v. Barg, 60 F.R.D. 108, 112 (E.D. Pa.1973). In Richardson v. Hamilton International Corporation, 62 F.R.D. 413 (E.D.Pa.1974), the court stated "that nonreliance may bar recovery, but the burden of proof in light of the Supreme Court's holding in *Affiliated Ute,* . . . rests squarely upon defendant to establish the 'nonreliance' and not upon the plaintiff." *Id.* at 419 Cf. Rochez Bros., Inc. v. Rhoades, 491 F.2d 402 (3rd Cir. 1974). *Richardson* indicates that in a 10b–5 class action nondisclosure case the court may give rise to a presumption, based on a finding of materiality, that the plaintiffs have relied on an omission. This presumption can be rebutted by the defendants if they can show actual nonreliance by the plaintiffs but as stated in *Richardson,* consideration of "affirmative defenses" at the class action certification stage "would be an improper intrusion into the merits of the case." 62 F.R.D. at 419.

▇▇▇ While this Court is thus not concerned with the question of whether the defendants' "reliance" claims are merito-rious, for Rule 23 purposes the reliance issue can be examined solely in light of typicality. In this regard, defendants have asserted that the circumstances of the named plaintiffs' purchases are so different from those of the class at large that the former group is atypical of the latter. The Court rejects this contention.

▇▇▇ The defendants have purported to show this "atypicality" by way of plaintiffs' depositions. Defendants assert that the depositions reveal that some plaintiffs never received a prospectus, while some received one but did not read it, or read a prospectus but did not understand it. Upon this showing, defendants claim that the plaintiffs' situations are too diverse to allow class treatment. The Court must disagree with this assessment. A thorough review of the record of this case compels the conclusion that plaintiffs have alleged a common scheme of misrepresentation stemming either directly or indirectly from the three prospectuses in issue. For this Court to deny class certification based upon a fine-lined assessment of reliance in terms of each plaintiff's respective situation would constitute too much of an excursion into the merits of the case. As stated in Lamb v. United Security Life Co., 59 F.R.D. 25 (S.D. Iowa 1972), "In determining the propriety of a class action, the question is not whether the plaintiff[s] . . . will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Id.* at 37. In terms of the typicality requirement, a sufficient showing of similar reliance circumstances on the part of plaintiffs has been made.[1]

1. At oral argument defendants asserted to the Court that the recent 7th Circuit Court of Appeals decision in Koos v. First National Bank of Peoria, 496 F.2d 1162 (7th Cir. 1974) was controlling on the "typicality" issue here. With this the Court cannot agree.

In *Koos* the named plaintiffs sought to prosecute a class action on behalf of others who were borrowers of allegedly usurious loans. Permission to maintain the class action was denied to the plaintiffs because the loan transactions to which they were parties fell outside the scope of the usury statute. Thus, they were inappropriate parties to represent a class of borrowers whose loans clearly fell within the scope of the usury laws. As the court noted, "Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or small subclass, then the named plain-

■ The case of Dorfman v. First Boston Corporation, 62 F.R.D. 466 (E.D.Pa.1974), dealt with a similar situation. In *Dorfman,* one of the plaintiffs attempting to bring a class action had received and read a prospectus, but failed to comprehend its content. Upon information from her broker she purchased the debentures. In dealing with the question of reliance in that case the court held that on the basis of the proceedings up to that stage Dorfman could represent the class of debenture holders who purchased in reliance on the December 16, 1969 offering circular. The case before this Court is analogous. The prospectus herein is a public document, as in *Dorfman,* available to anyone who so requests it. This fact presents the Court with the presumption made in *Dorfman* that a material document (i. e., the prospectus) made available to the public creates the assumption of reliance on that document whether information was made available to a customer directly or indirectly from that document. Thus, regardless of whether certain plaintiffs read the prospectus and failed to comprehend it, or did not receive a prospectus at all, information received by the named plaintiffs from the security sales representative was not so unique as to render their situation atypical of the situation of the class at large.

## B. Typicality in Terms of the Sections 12(1) and 12(2) Claims.

The Court will next consider defendants' typicality arguments under Sections 12(1) and 12(2). Under Section 12(1), defendants argue that unless plaintiffs can successfully maintain that the defendants are estopped from asserting Section 13 of the 1933 Act, the present action is barred by the statute of limitations' requirement of that section. Regarding Section 12(2), defendants argue that plaintiffs were sold shares of the company other than "by means of" a prospectus, and thus cannot purport to represent a class that must show they were sold shares "by means of" a prospectus. For this Court to consider either of these questions here would require impermissible consideration of the merits of the case.

■ In terms of the Section 12(1) claim, it should be noted that the statute of limitations' argument is an affirmative defense under F.R.Civ.P. Rule 8(c). Thus, it cannot affect the question of whether a good cause of action has been plead, but is a subject to be proven by the defendants at trial. *See* Lamb, *supra,* 59 F.R.D. at 34. Considering Section 12(2), it appears that a discussion of the means by which the company sold shares of stock would take the Court back to the reliance argument raised previously, a discussion which need not be repeated here.

In light of the above considerations, this Court finds the defendants' arguments insufficient to show that plaintiffs' claims are not typical of those of the class they purport to represent.

## Rule 23(a)(4): The Representative Parties will fairly and adequately protect the Class.

■■ Under this aspect of the rule, two requirements must be met. First, the interests of the unnamed persons must be closely identified with the interests of the representatives. Second, the representatives and their attorneys

---

tiff is not a proper class representative." 496 F.2d at 1164.

Here there is no question that each of the named plaintiffs was a party to a security transaction falling within the scope of the 1933 and 1934 Acts. If a live issue existed as to whether the plaintiffs had purchased

"securities" from the defendants, *see, e. g.,* Miller v. Central Chinchilla Group, Inc., 494 F.2d 414 (8th Cir. 1974), *Koos* might apply. Its principles do not control this fact situation, however. Here, unlike in *Koos,* reliance will be pertinent to the claims of all plaintiffs.

must vigorously prosecute the action. Both questions are left to the discretion of the Court based upon the facts and circumstances of the case. Dolgow v. Anderson, 43 F.R.D. 472 (E.D.N.Y. 1968).

The "identity of interest" requirement is similar to the typicality requirement that there be no conflict of interest between named plaintiffs and the representative class. Having pursued that problem with respect to the earlier reliance discussion, no further comment is necessary.

■ The defendants also assert that plaintiffs will not fairly and adequately protect the interests of the class because these plaintiffs have shares in companies related to the company. Furthermore, defendants are somewhat upset because two of the plaintiffs have experience as security sales representatives, and plaintiff Walsh was a security sales representative for Hynes & Howes Security Company. Yet the fact remains that if in spite of outside interest each plaintiff purchased the stock of the company allegedly as a result of a material misrepresentation, he would be identified with the interests of all plaintiffs who purchased stock as a result of the misrepresentations unless his pursuit of the action would cause harm to the remaining plaintiffs. That is not the case herein.

Defendants' argument is analogous to that made by the defendants in Mersay v. First Republic Corp. of America, 43 F.R.D. 465 (S.D.N.Y.1968), wherein the plaintiff alleged to have bought the stock of a company in reliance on misrepresentations of material facts contained in two registration statements and prospectuses, but was involved in business ventures with some of the defendants both before and after the formation of the corporation. There the Court, in holding plaintiff would fairly and adequately represent the class, explained:

> The proper inquiry is not merely whether plaintiff is a suitable representative, in that his background and relationships might defeat his recovery, but whether he will in fact adequately protect class interests. The defendants' arguments tend to show only that Mersay is not representative in the sense that he was not the average, uninformed investor in F–R shares. These arguments do not destroy plaintiff's claim that he and his counsel can and will assure due process for the interests of the class. . . . They do not show that, in asserting his own interest, Mersay will not at the same time be able to assert all the interests of the class. 43 F.R.D. at 469.

Defendants' arguments in this case do not show that those plaintiffs who do own stock in other branches of Hynes & Howes, who have a background in security sales, or who were previously employed by the company, could not adequately or fairly represent the interests of the class.

■ Furthermore, the parties' attorneys are experienced and well qualified to conduct the litigation. There is no evidence that any class members have indicated displeasure with the representative parties, and if certain members of the class are not satisfied with the representative parties, they can avoid the binding effect of the decision by "opting out." F.R.Civ.P. 23(c)·(2).

### Rule 23(b)(3). Superiority of Class Actions

With both parties agreeing that common issues predominate, it follows that unless further factors set forth in Rule 23(b)(3) indicate otherwise, then the

class action is a superior method of litigating these claims. There is nothing before this Court which indicates that individual members may have an interest in controlling the prosecution of their rights in separate actions. There are no other suits pending before any other court concerning the subject matter of this lawsuit. The Court sees no particular problems in concentrating the litigation of the claims in this particular forum. The defendants are in Iowa. Counsel for both plaintiffs and defendants are located in Iowa. Nor does the Court foresee any difficulties so great as to prevent the maintenance of a class claim.

■ " . . . [T]he purpose of Rule 23 is to provide a 'device for vindicating claims which taken individually, are too small to justify legal action but which are of significant size *if taken as a group.*' " Lamb v. United Security Life Company, *supra,* 59 F.R.D. at 31. Certainly, for this Court to deny a class action under the present circumstances would defeat the very purpose of Rule 23 and may indeed leave many stockholders with small claims no available remedy. To require a large number of plaintiffs to appear as representatives or even to make some sort of inquiry about small claims would also significantly undermine the purpose of Rule 23.

■ In terms of efficiency, economy, and fairness to all parties involved, the certification of a class action appears to this Court to be the superior method of proceeding at this time. The Court does, however, reserve the power to alter or amend any aspect of the certification order or discontinue class action status should later circumstances so warrant. F.R.Civ.P. 23(c)(1).

The above shall constitute this Court's opinion regarding its December 27, 1974 order.