**NEUBERGER & BERMAN, Plaintiff,**

v.

**NORTHERN ELECTRIC COMPANY, LIMITED and John C. Lobb, Defendants.**

No. 74 Civ. 4497.

United States District Court, S. D. New York.

Oct. 9, 1975.

Wachtell, Lipton, Rosen & Katz, New York City, for plaintiff; Bernard W. Nussbaum, Steven M. Barna, New York City, of counsel.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant Northern Elec. Co., Ltd.; Edmund H. Kerr, George J. Grumbach, Jr., Alan A. Sachs, New York City, of counsel.

Lord, Day & Lord, New York City, for defendant John C. Lobb; John J. Loflin, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

This is a motion for a class determination under Rule 23, Fed.R.Civ.P. The complaint alleges violations of Sections 9(a), 10(b), 13(d), 14(d) and 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* The case arises out of an aborted tender offer by defendant Northern Electric Company, Limited for all of the common stock of Dictaphone Corporation. Plaintiff alleges that it

purchased shares of Dictaphone with the intention of tendering them to defendant Northern Electric at a higher price and was injured when the offer was withdrawn. Plaintiff further alleges that it was the wrongful and fraudulent conduct of the defendants which caused the injury.

The proposed class consists of "all persons who purchased shares of common stock of Dictaphone Corporation ('Dictaphone') between September 26, 1974 and October 3, 1974, during which period defendant Northern Electric had outstanding a tender offer to purchase for cash any and all outstanding shares of Dictaphone company stock . . . ."

To proceed as a class the plaintiff must demonstrate to the satisfaction of this court that

"(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class."

Fed.R.Civ.P. 23(a).

Defendants' primary contention is that the existence of a possible affirmative defense against this plaintiff causes its motion to fail as to the second, third, and fourth requirement. Defendants' alleged defense is that the plaintiff was a "tippee" privy to inside information.

 In *Fogel v. Wolfgang*, 47 F.R.D. 213 (S.D.N.Y.1969), virtually the same argument was raised in a request for class certification in a Section 10(b) case. Despite the claim that plaintiffs were "tippees" and thus subject to a defense, the court permitted the action to proceed on the ground that common issues predominated. 47 F.R.D. at 217. Likewise, in *Richardson v. Hamilton International Corp.*, 62 F.R.D. 413, 419 (E.D.Pa.1974), the court held in an analogous situation that "[t]o the extent that nondisclosure is an affirmative defense, any considera-

tion of the issue would be an improper intrusion into the merits of the case." *See also Alameda Oil Company v. Ideal Basic Industries, Inc.*, 326 F.Supp. 98, 103 (D.Colo.1971); *Kesler v. Hynes & Howes Real Estate, Inc.*, 66 F.R.D. 43 (S.D.Iowa 1975).

After a careful review of the moving papers, I find that the plaintiff has met all of the requirements of Rule 23(a) and (b)(3). Accordingly, the class as set forth above is conditionally approved.

Settle order on notice.