Rolla BOGLE and Goldie M. Bogle, Michael and Wanda Beda, and David and Carol Gillion, Plaintiffs,

v.

CROW–BRIGHTON COMPANY, a Texas corporation, Defendant.

No. CIV–81–540–D.

United States District Court, W.D. Oklahoma.

Nov. 25, 1981.

Don Porter, Oklahoma City, Okl., for plaintiffs.

Charles E. Geister III, William G. Paul and Monty B. Bottom, Oklahoma City, Okl., Robert F. Middleton, Dallas, Tex., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of plaintiffs' request that this action be maintained as a class action, after conducting an evidentiary

hearing upon such request as recommended by *Rossin v. Southern Union Gas Co.,* 472 F.2d 707, 711–712 (10th Cir.1973), and after reviewing the briefs of the parties, this court has found and concluded that the said request should be denied.

At the hearing, the class was described by plaintiffs' counsel as being all present owners of lots (approximately 700 in number) in Westbury Addition, located in Canadian County, Oklahoma. Plaintiffs' counsel further stated that this action was based upon fraud through false representations, practiced by defendant on plaintiffs and on those plaintiffs would represent in the proposed class action. The representation alleged by plaintiffs to have been employed by defendant and to be false, was that defendant, as developer of the addition, would construct a clubhouse in the addition for the use of property-owners and residents. The relief sought is money damages to each lot owner, in the amount of one-third of the cost of each lot, the asserted difference between the value of their respective lots with and without a clubhouse in the addition, and punitive damages in the aggregate amount of one million dollars.

A class action may be maintained if all four prerequisites of Rule 23(a), Federal Rules of Civil Procedure, and at least one of the prerequisites of Rule 23(b), are satisfied. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Monarch Asphalt Sales Co. v. Wilshire Oil Co. of Texas,* 511 F.2d 1073, 1077 (10th Cir.1975); *Stoner v. Ford,* 390 F.Supp. 327, 328 (N.D.Okla.1974). The party invoking Rule 23 has the burden of showing that all of the prerequisites to utilizing the class action procedure have been satisfied. *Taylor v. Safeway Stores, Inc.,* 524 F.2d 263, 270 (10th Cir.1975); *Redhouse v. Quality Ford Sales, Inc.,* 511 F.2d 230, 236 (10th Cir.1975); *Albertson's, Inc. v. Amalgamated Sugar Co.,* 503 F.2d 459, 463 (10th Cir.1974); *Rossin v. Southern Union Gas Co., supra,* 472 F.2d, at 712.

Rule 23(a) permits maintenance of an action as a class action when:

"(1) The class is so numerous that joinder of all members is impracticable,

"(2) There are questions of law or fact common to the class,

"(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class, and

"(4) The representative parties will fairly and adequately protect the interests of the class."

### Rule 23(a)(1)—NUMEROSITY

Whether a class is so numerous as to make joinder of each member impracticable is a question which must be determined upon the facts of each case. *Stoner v. Ford, supra; Forbush v. Wallace,* 341 F.Supp. 217, 220 (M.D.Ala.1971), *aff'd,* 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246 (1972); *see Demarco v. Edens,* 390 F.2d 836, 845 (2nd Cir.1968). Impracticability does not mean impossibility, but extreme difficulty or inconvenience of joinder must be found. *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913–14 (9th Cir. 1964); *Stoner v. Ford, supra; Forbush v. Wallace, supra.* If all of the approximately 700 persons alleged to be owners of lots in the addition would form a proper class, the requirement of Rule 23(a)(1) would be met. It is noted that the evidence at the hearing revealed that none of the plaintiffs, and only five members of the proposed class, bought lots directly from defendant, and that the remaining owners purchased their lots directly or indirectly from builders. On the basis, however, of plaintiff's announced class of approximately 700 present lot owners, the prerequisite of Rule 23(a)(1) would appear to be satisfied.

### Rule 23(a)(2)—COMMONALITY

It is not required that all members of the class be identically situated if there are substantial questions either of law or fact which are common to all. *Harris v. Palm Springs Alpine Estates, Inc., supra,* 329 F.2d, at 914. Similarly, not every question of law and fact must be common to every member of the class. *Fox v. Prudent Resources Trust,* 69 F.R.D. 74, 78 (E.D.Pa. 1975); *e.g. Mosley v. General Motors Corp.,* 497 F.2d 1330, 1334 (8th Cir.1974); *Fertig v.*

*Blue Cross of Iowa,* 68 F.R.D. 53, 57 (N.D. Iowa, 1974).

Plaintiffs claim that their action is based solely upon the alleged false representations of defendant with regard to the construction of a clubhouse in the addition. In the present state of the record, therefore, it would appear that common questions of law and fact do exist with regard to that allegation. Facially, therefore, the prerequisite of Rule 23(a)(2) would appear to have been met.

### Rule 23(a)(3)—TYPICALITY

■ This Court has found and concluded that plaintiffs have failed to establish that their claims are typical of the claims of the other members of the class. As has been stated above, only five of the 700 lots were sold to the ultimate purchaser directly by defendant. Plaintiffs are not among those who purchased their lots directly from defendant. The remaining lots were sold by defendant to a number of individual builders, who then resold them directly, and in some instances indirectly, to the present lot owners. There is no allegation that any common document exists which could be said to contain representations of material facts by defendant to all members of the class. Plaintiffs assert that their action is based solely upon the alleged misrepresentations of defendant with regard to the construction of a clubhouse in the addition. Plaintiffs' evidence indicated that some of the present lot owners relied upon statements made by alleged agents of defendant, and others relied upon statements of their respective sellers as to what they, in turn, had been told by defendant, or by alleged agents of defendant. The vast majority of the class had no direct contact with defendant whatever. Thus, the claims of plaintiffs, as representatives of the class, are not typical of the claims of the class. In the circumstances, it does not appear the claims of any lot owner or group of lot owners would be typical of the claims of the class.

If this action was maintained as a class action, the court would be faced with as many individual circumstances of proof as there are lot owners. A determination would be required in each case as to what statements were made, by whom they were made, whether the statement or the person making it had any connection with defendant, whether defendant was responsible for any such statements or the persons making them, and whether or to what extent such statements were relied upon in the purchase of the individual lots. Each lot owner's claim depends not only upon what was represented to him, and by whom, but upon whether such representation was false, and if so, whether the person making it knew it to be false, whether defendant can be held responsible for it, to what extent the individual lot owner relied upon it, and to what extent he has been damaged. Thus, the prerequisite of Rule 23(a)(3) has not been met.

### Rule 23(a)(4)—ADEQUACY OF REPRESENTATION

■ Plaintiffs presented no evidence which would support a finding or conclusion that this prerequisite has been met. It has been held that the requirements are met if it appears that the named plaintiffs' interests are not antagonistic to other members of the class and that plaintiffs' attorneys are qualified, experienced and generally able to conduct the litigation. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *National Association of Regional Medical Programs, Inc., v. Mathews,* 551 F.2d 340, 345 (D.C.Cir.1976), *cert. denied,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977); *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3rd Cir.1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). This determination is left to the discretion of the court based upon the facts and circumstances of the case. *Kesler v. Hynes & Howes Real Estate, Inc.,* 66 F.R.D. 43, 50 (S.D.Iowa 1975); *Dolgow v. Anderson,* 43 F.R.D. 472, 496 (E.D.N.Y.1968). In the absence, however, of any evidence which would support a determination that this prerequisite has been met, this court is compelled to find and conclude that it has not.

### Rule 23(b)(3)—PREDOMINANCE

Plaintiffs assert that Rule 23(b)(3) is the prerequisite of Rule 23(b) which would per-

**4**

mit them to maintain their action as a class action. Under that provision, the court must find:

"[T]hat the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy . . . ."

Based upon the findings and conclusions herein set out, it is clear that this prerequisite has not been met. The court further finds and concludes that based upon the evidence in the record before it, this case would be unmanageable as a class action. Common questions clearly do not predominate over questions affecting only individual members of the class and a class action is clearly not superior to other available methods for the fair and efficient adjudication of the controversy.

For the foregoing reasons, plaintiffs' request, that this action be permitted to be maintained as a class action, should be denied.

IT IS SO ORDERED this 25th day of November, 1981.