**Pat HARDY, Denise Johnson–Harper and Horseshoe Lake Property Owners Association, Inc., Appellants,**

v.

**Robert L. WISE, Janice L. Wise, Doris Camp, Keith Mordecai, Shirley Mordecai, Curtis Ross, Emma Ross, Richard J. Wardlaw, David Youell, and Edna Youell, Appellees.**

No. 09–01–192 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 17, 2002.

Decided Dec. 19, 2002.

Sharon Hemphill, Houston, Pat Hardy, Romayor, Greg Gladden, Houston, for appellants.

C.T. Hight, Liberty, for appellees.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

This appeal follows a jury trial in a class action involving restrictive covenants and property assessments. The suit was filed by the Horseshoe Lake Property Owners Association ("Association") to determine the validity of claimed restrictive covenants on some 1,550 lots and to collect assessments considered past due. The trial court certified Class A as a plaintiff class and Class B as a defendant class. The plaintiff class was defined, in effect, as all the owners who agreed with the Association's Second Amended Petition, and the defendant class was defined as all lot owners who disagreed with the Plaintiff's Second Amended Petition. No interlocutory appeal was taken from the class certification order. The Association filed a Third Amended Petition. Following a jury verdict, the trial court entered judgment in favor of the Association as plaintiff and entered monetary judgments against numerous lot owners. The Association was awarded attorney's fees and costs against the "defendant class representatives," "each delinquent lot owner," and "each member of the defendant class"—jointly and severally.

While the case was on appeal to this court, the Association confessed error and asked that the judgment be vacated. This court vacated the judgment and remanded the case to the trial court "for further proceedings regarding the entry of judgment in accordance with the attached agreement of the parties." The trial court held hearings, removed the Association as representative of the plaintiff class, and appointed new class representatives for the plaintiff class. The trial court then entered substantially the same judgment previously vacated by this court.

■ The Association and the named representatives of the defendant class filed this appeal. First, they assert that the trial court erred in not approving the settlement and not dismissing the case. Rule 42(e) of the Texas Rules of Civil Procedure provides that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." TEX.R. CIV. P. 42(e). The trial court serves a role as guardian of the class interest. *General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 954 (Tex.1996). But we need not address whether the trial court erred in its performance of that role because we find that this action was improperly certified as a class action.

■ The trial court certified two classes: Class A ("the plaintiff class") was defined as those lot owners supporting the Association's requests set out in Plaintiff's Second Amended Petition; and Class B ("the defendant class") was defined as those lot owners opposing the requests set out in Plaintiff's Second Amended Petition. Attached to the Second Amended Petition were lists of those persons in Class A and those in Class B. The Notice of Class Certification informed Class B members that they were potentially liable for plaintiff's attorney's fees and costs. Judgment

was entered against those listed in Class B, but judgment was also entered against "delinquent" lot owners who were listed in Class A and part of the plaintiff class. And while the Association is the only named beneficiary in the judgment, the Association no longer supports its own pleadings and has asked that the judgment be set aside. Furthermore, while the judgment purports to resolve restrictive covenant issues involving some 1,550 lots and then collect "delinquent" assessments from previous years, only about 300 of the lots actually had restrictive covenants in the deed records. Appellant Johnson–Harper argues that "state of mind" cannot be employed to define the classes, and that due process precludes class action treatment of the claims at issue here. We agree.

In a review of a class certification order, the threshold inquiry must be the appropriateness of the certified class definition. *Intratex Gas Co. v. Beeson*, 22 S.W.3d 398, 403 (Tex.2000). Applying the requirements of Rule 42 is not possible absent a cognizable class; an identifiable class susceptible to precise definition is an essential prerequisite to a class action. *Id.* For the class to be sufficiently defined, the class members must be ascertainable by reference to objective criteria, not subjective criteria. *Id.* Generally, identifying class members based on each individual's state of mind is not feasible; the class definition would require inquiry into each member's thoughts, and those thoughts may change. *See Giordano v. Radio Corp. of America*, 183 F.2d 558, 560–61 (3rd Cir.1950); *see generally* 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1760 (2d ed.1986); *see also Chaffee v. Johnson*, 229 F.Supp. 445, 448 (S.D.Miss. 1964) *aff'd by* 352 F.2d 514 (5th Cir.1965) ("The vague and indefinite description of the purported class depends upon the state of mind of a particular individual, rendering it difficult, if not impossible, to determine whether any given individual is within or without the alleged class.").[1]

The record demonstrates the lot owners cannot readily be divided into those favoring and those opposed to the Association's claims. Individual lot owners may be opposed to the Association as presently constituted, yet may not be opposed to the general idea of enforcement of use restrictions on property or the assessments for maintenance purposes. One lot owner testified that she paid dues at one time, but when the assessment money collected was not used to her satisfaction, she stopped paying. Class membership as defined was subject to constant change. A class membership that requires the ascertainment of a member's opinion, which is subject to change at any point, is a moving target.

1. The difficulty is reflected in the following questions asked by the trial court in this case of one witness at the hearing on remand:
   THE COURT: Mr. Wise, the people who supported the judgment that were represented by the POA when we tried the lawsuit here, are they still there?
   THE WITNESS: Yes.
   THE COURT: Still feel the same way?
   THE WITNESS: I have no idea—
   [COUNSEL]: Judge, I would object to him speculating about how some people feel.
   THE COURT: Your objection is noted. Go ahead. Answer the question. Are they still there?
   THE WITNESS: I have no knowledge that anything has changed, sir.
   THE COURT: Well, what I'm interested in is has the people who were represented by the POA as the Class—
   THE WITNESS: A.
   THE COURT: That was Class A?
   THE WITNESS: Yes, sir.
   THE COURT: Are they still of the same sentiment?
   THE WITNESS: As far as I know they are, sir, to the best of my knowledge they are. Same sentiments.
   THE COURT: That's all I want to know.

*See Giordano,* 183 F.2d at 560–61. (A class action based on those labor union members favoring expulsion and those opposed to expulsion was ill-defined; the members could agree with the plaintiffs today and disagree tomorrow.).

█ Where there are separate factual issues applicable to each individual member of the class, generally class action treatment is inappropriate. *See Aamco Automatic Transmissions, Inc. v. Tayloe,* 407 F.Supp. 430, 433 (E.D.Pa.1976). The class members here have acquired their property interests under significantly different circumstances requiring individual determination. There are approximately twenty separate sections of Horseshoe Lakes, and some 1,550 individual deeds. Each owner takes under a unique chain of title. At trial the Association relied on matters not recorded in the deed records, such as 1964 letters from the original developer, and the doctrine of negative reciprocal easements in support of its authority to make and collect assessments. To collect money judgments from lot owners for back assessments, notice to the lot owner is required of the restrictive covenant assessment obligation, which would require review of the chain of title and inquiry into any constructive actual notice that the lot owner may have received. *See Inwood North Homeowners' Ass'n v. Harris,* 736 S.W.2d 632, 635 (Tex.1987). Individual lot owners may have other individual defenses, such as erroneous calculation of the amount of the assessments. These individual issues should be resolved before a money judgment is imposed on absent lot owners. *See generally Bogle v. Crow-Brighton Co.,* 96 F.R.D. 1, 3 (W.D.Okla. 1981).[2]

█ Generally, persons are not bound by judgments to which they are not a party. *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 846, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999). Assessments for subdivision maintenance dues have been held to be covenants running with the land enforceable by the remedy of foreclosure. *Inwood North Homeowners' Ass'n,* 736 S.W.2d at 635. Generally due process requires the party must be served with process or given proper notice reasonably calculated to give the party the opportunity to present defenses and objections. *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86–87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). But here, for example, some absent members of the plaintiff class have been cast in judgment after trial. And it is unclear from this record whether current named representatives of the plaintiff class represent anyone other than themselves. Failure to comply with the requirements for class actions resulted in a denial of due process.

We reverse the judgment of the trial court and remand the case to the trial court to decertify the classes, and for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

**2.** Some cases state generally that the construction of restrictive covenants is uniquely suited for a class action. *See Forsyth v. Lake LBJ Inv. Corp.,* 903 S.W.2d 146, 153 (Tex. App.-Austin 1995, writ dism'd w.o.j.) (citing *Townplace Homeowners' Ass'n, Inc. v. McMahon,* 594 S.W.2d 172, 177 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Adams v. Owens,* 519 S.W.2d 260, 261 (Tex. Civ.App.-Beaumont 1975, writ ref'd n.r.e.)). Here, however, our concern is not primarily with the construction or meaning of language in covenants, but with the adequacy of the class definition itself and a host of individual issues with varying facts, including notice of and the existence of the covenants and the validity of the assessments.