I concur in the main opinion. Although I agree that the class-certification order should address the effect, if any, of the defendants' affirmative defense of voluntary payment on class certification, I write specially to assure that my concurrence is not interpreted as a suggestion that an affirmative defense can in any case, much less should in this case, foreclose class certification.
In Stone v. Mellon Mortgage Co., 771 So.2d 451 (Ala. 2000), this Court held not that the defense of voluntary payment defeated class certification but that the defense of voluntary payment, not sufficiently disputed by the class-representative plaintiffs on the facts, warranted the summary judgment entered by the trial court against the class-representative plaintiffson the merits of their claims for money had and received and for unjust enrichment. *Page 314 
In Smart Professional Photocopy Corp. v. Childers-Sims,850 So.2d 1245, 1249-52 (Ala. 2002), this Court held not that an affirmative defense defeated class certification but "that the necessity of individualized testimony from each class member to prove an essential element of the cause of action [asserted for
the class member] defeat[ed] class certification." 850 So.2d at 1249 (citing Reynolds Metals Co. v. Hill, 825 So.2d 100 (Ala. 2002), to the same effect).
Courts should be skeptical of a putative class-defendant's claim that an affirmative defense would require individualized inquiries that foreclose class certification. The defense lawyer who is unable to find a bone to pick with every individual class member will be equally unable to find a big corporate client to defend against a class action. Indeed, respectable authority holds that "an inquiry into a claimed affirmative defense impermissibly allows an issue going to the merits of the litigation to intrude upon the class certification analysis required by Rule 23." Cook v. Rockwell Int'l Corp.,151 F.R.D. 378, 386 (D.Colo. 1993), and Rishcoff v. Commodity FluctuationsSys., Inc., 111 F.R.D. 381, 382 (E.D.Pa. 1986). Accord CherokeeNation of Oklahoma v. United States, 199 F.R.D. 357 (E.D.Okla. 2001). See Gavron v. Blinder Robinson Co., 115 F.R.D. 318
(E.D.Pa. 1987); Shankroff v. Advest, Inc., 112 F.R.D. 190
(S.D.N.Y. 1986); Fickinger v. C.I. Planning Corp.,103 F.R.D. 529 (E.D.Pa. 1984); Neuberger Berman v. Northern Elec. Co.,70 F.R.D. 447 (S.D.N.Y. 1975); Kesler v. Hynes Howes RealEstate, Inc., 66 F.R.D. 43 (S.D.Iowa 1975); Richardson v.Hamilton Int'l Corp., 62 F.R.D. 413 (E.D.Pa. 1974); Fraley v.Williams Ford Tractor Equip. Co., 339 Ark. 322, 5 S.W.3d 423
(1999). That other respectable authority holds to the contrary,e.g., Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 295 (1st Cir. 2000), does not diminish the potential for the misuse of illusory or only fractionally applicable affirmative defenses to thwart the certification of legitimate classes.
If the trial court concludes that an affirmative defense can, as a matter of legal theory, defeat class certification, the question will remain whether the particular affirmative defense of voluntary payment defeats class certification in this particular case. The defendants contend that this affirmative defense would require an individualized inquiry of each class member to determine whether he or she overpaid the tax voluntarily, or mistakenly. As the main opinion correctly observes, one of the essential elements of the affirmative defense of voluntary payment is that the plaintiff paid the money "with full knowledge of all the facts," Mt. Airy Ins. Co. v. DoeLaw Firm, 668 So.2d 534, 537 (Ala. 1995). Because the defendants bear the burden of proof of an affirmative defense, unless, in the class-certification proceedings on remand, the defendants produce substantial evidence that a substantial number of putative class members overpaid the taxes "with full knowledge of all the facts," id., the trial court can and should, in my opinion, reject the defendants' contention that this affirmative defense forecloses class certification.